SAUNDERS v. MULLEN.

1. **Punitive Damages:** EXCESSIVE: DISCRETION OF JURY: INTERFERENCE OF COURT: FACTS JUSTIFYING. The amount of punitive damages that may be given in any case rests largely in the discretion of the jury. But such discretion is not unlimited; and in this case, (for facts see opinion,) where the actual damages could not have exceeded $50, an allowance of $650 as punitive damages *held* to be so excessive as to evince passion and prejudice on the part of the jury, and to justify the interference of the appellate court.

2. **Evidence:** SECONDARY: ADMISSION WITHOUT OBJECTION: ERROR WAIVED. The admission of secondary evidence, when no objection is made thereto, is not reversible error, and the objection cannot be made for the first time in this court.

*Appeal from Union District Court.*

THURSDAY, SEPTEMBER 24.

ACTION to recover damages for maliciously causing the levy of an execution on certain goods and chattels of the plaintiff. Trial by jury. Verdict and judgment for the plaintiff for $700. The defendant appeals.

*McDill & Sullivan*, for appellant.

*B. F. Harsh* and *Phillips & Day*, for appellee.

SEEVERS, J.—I. The petition charged a conspiracy between the officer who made the levy and the defendant, but this charge was abandoned on the trial. Under the allegations of the petition and the evidence, it will be conceded that the plaintiff was entitled to recover the actual damages sustained, and also exemplary damages. The appellant assigns as error that the damages are "excessive, and must have been given under the influence of passion or prejudice."

The plaintiff was the owner of a restaurant which, because

*1. PUNITIVE damages: excessive: discretion of jury: interference of court: facts justifying.*

of the levy, was closed from Friday evening until the forenoon of the following Monday. The property attached consisted of cakes, bread, pies and other contents of the establishment. The cakes, pies and bread were greatly injured or entirely spoiled. The plaintiff had in her employ clerks, cooks, and possibly other employes, to whom she paid wages during the time the restaurant was closed. The foregoing matters embrace all the actual damages which the evidence tends to prove. We have carefully read the evidence, and readily reach the conclusion that the actual damages sustained could not possibly have exceeded $50. The amount allowed, therefore, as exemplary damages is at least $650.

We are forced to the conclusion that this amount is excessive. When the actual damages are so small, the amount allowed as exemplary damages should not be so large. It evinces, we think, prejudice on the part of the jury, caused in this case, no doubt, by the arbitrary conduct of the defendant, and the total disregard of the ordinary requirements and conduct due from any person to his unfortunate debtor, and which we have no doubt was intensified in the minds of the jurors because the plaintiff was a woman, who seems, under the trying circumstances, to have acted with great prudence and discretion. Still we cannot but think the punishment too great. The amount of punitive damages that may be given in any case rests largely in the discretion of the jury. But such discretion is not unlimited. A court, and especially an appellate tribunal, should not interfere in such cases unless the conclusion is irresistible that the amount allowed is so great as to evince prejudice on the part of the jury. The wrong done the plaintiff was a grievous one; the manner of doing it was well calculated to wound her feelings; but still she was only deprived of her property for about thirty-six business hours, and her actual damages, as we have said, could not have exceeded $50.

II. It is assigned as error that the court erred in "admitting testimony as to what was levied on, when the return of

**2. EVIDENCE: secondary: admission without objection: error waived.** the officer was the best evidence." It is a sufficient answer to this to say that the evidence claimed to be secondary was admitted without objection. · If it had been objected to, the officer's return, which is claimed to be primary evidence, might have been introduced.

REVERSED.