## No. 5482.

### INTERNATIONAL & GREAT NORTHERN RAILROAD COMPANY *v.* THE TELEPHONE AND TELEGRAPH COMPANY.

1. EXEMPLARY DAMAGES.—A malicious and oppressive trespass upon the rights of a corporation may entitle it to exemplary or punitory damage, when the result of such a trespass is to impair its credit and subject it to the expense of litigation; sense of wrong and insult, consequent on the trespass, which, as between natural persons, entitles one to redress by way of exemplary damages, has no application in a suit by a corporation.

2. EVIDENCE.—In a suit against a corporation to recover exemplary damages for the perpetration of a willful trespass, the declarations of an employe of the defendant which indicate his own reckless indifference to consequences regarding the trespass, are not admissible.

3. EXEMPLARY DAMAGES.—When a verdict was rendered for two hundred dollars actual damages, and ten thousand dollars exemplary damages, the disproportion was so great as to manifest that character of passion, prejudice or partiality in the jury which required a reversal of the judgment.

APPEAL from Hays.    Tried below before the Hon. L. W. Moore.

The opinion states all that is necessary to its proper understanding except the following:

A witness, Brackenridge, was allowed to detail to the jury, over the objections of defendant, the following conversation had by him with J. K. Painter, an employe of defendant: "Mr. Painter said the poles were on the railroad right of way, and that I must remove them. I said I did not think they were on the right of way; that I had instructed my foreman not to erect any poles on the railroad right of way, and that I wanted a few days in which to examine into the matter. Painter then stated that he had orders to remove the poles, and that he would obey orders if it broke owners."

To the introduction of the above conversation defendant objected: First, because the same was irrelevant, and improper under any view of the case at bar. Second, that they were statements and declarations of an employe of defendant, of such a nature and character that defendant should not be held bound by them. Third, that the declaration of said witness of his intention to obey orders though it broke owners, was a declaration for which said witness alone was responsible, and to admit it in this case was calculated to prejudice the minds of the jury againt this defendant. All of which objections were overruled.

*Hutcheson & Franklin*, for appellant: Punitory damages can only be recovered in cases where the party claiming such damages is capable of experiencing a sense of wrong and insult, and a corporation, being an artificial person, incapable of any feeling, can not recover such damages.

The malicious or wanton motive prompting the act of an agent or employe, will not be imputed by presumption to the principal,

but it must be shown by direct testimony, or as the reasonable and probable deduction from the evidence, that the principal either authorized or ratified the act; cited Hays v. Houston & Great Northern Railroad Company, 46 Texas, 273; Western Union Telegraph Company v. Brown, 58 Texas, 170; Willis & Bro. v. McNeill, 57 Texas, 465; Galveston, Harrisburg & San Antonio Railway Company v. Donahoe, 56 Texas, 162.

Exemplary damages, when allowed, should bear proportion to the actual damages sustained, cited Willis & Bro. v. McNeill, 57 Texas, 466; Houston and Texas Central Railway Company v. Nichols, 9 American and English Railway Cases, 365; Cotton Press v. Bradley, 52 Texas, 599; Hillman v. Baumbach, 21 Texas, 203; Burkett v. Lanata, 15 Louisiana Ann., 337; Fitzgerald v. Boulot, 13 Louisiana Ann., 116.

*Waelder & Upson,* for appellee: Exemplary damages are given whenever a case shows a wanton invasion of the plaintiff's rights; whenever there is a wilful, malicious or reckless tort to person *or* property. They are given for the repose of society, as a punishment for the wrong and to deter others from the perpetration of such acts. 1 Sutherland on Damages, 716–723; Sedgwick on Damages, 723; Milwaukee, etc., Railroad Company v. Arms (91 U. S.), 1 Otto, 493; Day v. Woodworth et al., 13 Howard, 371; Emblen v. Myers, Sedgwick's Leading Cases on Damages, 744.

Corporations stand on the same footing as individuals as to damages awarded by way of punishment. 1 Potter on Corporations, section 103.

Whether the exemplary damages are excessive or not must depend upon "the facts of the case," and when an act of commission is complained of, which is of great enormity, bordering on criminality, or being criminal, when there is a wilful, malicious or reckless tort to property, a total disregard of the rights of others, exemplary, punitory, or vindictive damages should be awarded, although the actual damages may be but nominal, and in such cases, the damages, being allowed in the nature of punishment, should and must be left in the discretion of the jury trying the particular case, and their verdict will not be disturbed unless it should be manifest that it was the result of passion or prejudice. Graham v. Roder, 5 Texas, 149, and cases there referred to; Cole v. Tucker, 6 Texas, 268; 1 Sutherland on Damages, 724; Sedgwick on the Measure of Damages, 38, 454, margin, and cases referred to in the note; Day v. Woodworth, 13 Howard,

371; McBride v. McLaughlin, 5 Watts, 376; Jamison **v. Moon, 43** Mississippi, 598.

GAINES, ASSOCIATE JUSTICE. This was an action brought in the court below by the appellee against the appellant to recover damages, actual and exemplary, for the destruction by appellant's agents and servants, of a portion of appellee's telegraph and telephone line.

The first question presented is raised by the assignment that the court erred in overruling appellant's exception to so much of the petition as sought to recover exemplary damages. The plaintiff sued as a corporation; and appellee contends that a corporation can, in an action of this sort, recover only actual damages. In their written argument in support of this position, counsel frankly admit that they have found no direct decision upon the point, either by our courts or the courts of other States or of England. It is argued, however, that such damages are never awarded solely by way of punishment; but are given in a proper case for the purpose of example and punishment, as a compensation for mental pain suffered by the plaintiff, by reason of the outrages or oppressive conduct of the defendant; and that a corporation being an artificial person and having no mind to suffer, is incapable of receiving the specific injury upon which such damages must be based.

It may be difficult to defend upon sound reasoning the doctrine of vindictive damages, now so firmly entrenched in the common law, upon the theory that they are allowed alone for the purpose of punishment and the good of society; but admitting for the argument's sake that the position of counsel upon this point is correct, it must be answered that there are other elements of injury besides "the sense of wrong or insult" which offered a legal basis for exemplary damages, such for example, as loss of credit and expense of litigation. These injuries, corporations may suffer as well as individuals; and hence we conclude that when a malicious and oppressive trespass is committed upon their property, they have the right to claim such damages, the amount to be fixed by the jury as in other cases, in some proportion to the actual damage and the detrimental consequences to the plaintiff, proved upon the trial.

With one exception, the declarations of Painter to R. J. Brackenridge, the admission of which is complained of in the second assignment of error, were properly admitted in evidence.

Painter was in the employment of defendant, and the testimony shows that he was its agent charged with the duty of removing plaintiff's poles from the right of way. The declarations were about a matter in the scope of his authority, and before the transaction to which they referred was completed. They tended to show that the defendant's officers or agents claimed that plaintiff's line was partly on defendant's right of way, and that they had determined to remove the poles. This applies to all the declarations except the statement that "he (Painter) would obey orders if it broke owners." Under the issues made in this case according to the authority of the ruling in the case of Houston & Texas Central Railway Company v. Willie (53 Texas, 319), we are of the opinion that that declaration should have been excluded.

Appellant's third assignment of error is not well taken. The testimony which was objected to proved directly the pulling up of the poles, and tended strongly to show that it was done by order of defendant's train master, Painter. The witness testified that he was sent by Painter to one Jack, an engineer on the railroad, with a train for orders; that the engineer received the orders, which were to "work" the train between San Marcos and Hunter Station, and that they knew what was meant. This was objected to on the grounds "that it appeared from the testimony itself that the witness was not stating facts within his own knowledge, but from information and belief, and was stating conclusions as to the meaning of the orders he supposed Jack to have received." But the evidence is not obnoxious to these objections. All the witness testified to was peculiarly within his own knowledge, except as to the orders received by the engineer. He does not say that these were communicated to him by the latter, and the presumption must be that he knew them of his own knowledge. The witness says he knew the meaning of the orders, but does not say what that meaning was, and hence that portion of his testimony is not liable to the objection interposed by appellant, that it states the conclusions of the witness.

Appellant filed a motion for a new trial, upon the ground, among others, that the exemplary damages found by the jury were excessive. The motion was overruled, and this action of the court is assigned as error. The actual damages found by the jury were but two hundred dollars. The evidence would not have warranted more than this amount. The verdict,

however, was for ten thousand dollars, as exemplary damages. It is difficult to lay down any rule by which to test the question of excess in a verdict for vindictive damage. They are very largely in the discretion of the jury. But it is said in the case of the Railroad Company v. Nichols, Austin Term, 1882, "exemplary damages when allowed should be in proportion to the actual damages sustained." This language was quoted with approbation and the rule acted upon in the case of Willis & Bro. v. McNeill, 54 Texas, 465. In both the cases cited the verdict was held excessive. In the former the proportion of actual to examplary damages was as one to four, and in the latter (approximately) as one to twelve. In the case before us the proportion is as one to fifty. There is nothing in the evidence to make this case an exceptional case for exemplary damages. The verdict is clearly excessive, and it is manifest from the disproportion between the actual injury sustained and the aggregate sum awarded, that the jury were influenced by passion, prejudice or partiality. Therefore it should have been set aside and a new trial awarded.

The other questions presented by the assignments of error and not directly or indirectly considered, are not likely to arise upon another trial and need not be discussed.

For the errors which have been pointed out, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered December 1, 1887.