### J. R. CURRIE v. JOT GUNTER ET AL.

#### No. 6725.

1. **Practice in District Court — Charge.** — Unless there is testimony upon an issue made in the pleadings it is not incumbent upon the court to charge upon it.

2. **Same.** — An omission by the court below to charge fully upon issues made in the pleadings and evidence will not be grounds of reversal unless the omission was called to the attention of the trial judge by asking additional instructions. (See example.)

APPEAL from El Paso. Tried below before Hon. T. A. Falvey.

This is an appeal from a judgment against the claimant asserting ownership of "550 head of horses, consisting of horses proper, mares and colts, and 75 head of mules," levied upon by the sheriff of El Paso County under an execution against one Wadlington.

The affidavit and claim bond described the horses as to number, etc., as did the sheriff in his entry of the levy given above. After the execution and claim bond were returned and the case for the trial of the right to the horses docketed, the claimant pleaded in tendering issue that there were only 500 head of horses instead of 550 as stated in his affidavit and bond. The plaintiffs in execution insisted that there was no mistake in the number.

There was much testimony to the claim of appellant, who had bought from Wadlington. There is no complaint of the action of the court other than in his charge as affecting the issue made of the number. The charge submitted the questions of ownership and value. Claimant did not ask any charge upon the number of the horses in controversy. Other facts are given in opinion.

*J. P. Hague* and *Leigh Clark,* for appellant. — The charge of the court was misleading and withdrew from the jury all inquiry as to the true number of horses levied upon, the question of number being made an issue by the pleadings and evidence. Spence v. Onstott, 3 Texas, 147; Chandler v. Fulton, 10 Texas, 2; Wright v. Henderson, 12 Texas, 44; Linn v. Wright, 18 Texas, 317; Knight v. Railway, 41 Texas, 406.

*Walton, Hill & Walton,* also for appellant, cited Wright v. Henderson, 12 Texas, 44; Linn v. Wright, 18 Texas, 318; Radcliff v. Hicks, 23 Texas, 173; Raysor v. Reid & Smith, 55 Texas, 266; Reeves v. Wallace, 3 Ct. App. C. C., sec. 178; 2 Sayles' Civ. Stats., art. 4823; Ryan v. Goldfrank, 58 Texas, 358.

*Millard Patterson,* for appellees. — The charge of the court was not upon the weight of the evidence or misleading. It does not assume the number of horses levied upon to be 550 head or any other number, but properly allows the jury to consider all the evidence in connection with

all the incidental questions in the case and find a general verdict, as the law and the evidence required.

HOBBY, JUDGE.—There are several assignments in the case, but they present substantially we think the same question—that is, whether any issue was raised by the evidence as to the number of horses levied on. If so, was the charge of the court misleading because it did not in terms direct the jury to ascertain the number so levied on, and did the charge assume that 550 head of horses were so seized under the execution?

From an examination of facts proved on the trial and contained in the statement we think it questionable whether there was any evidence which would have authorized a finding to the effect that any number of horses had been levied on less than 550. The entire evidence shows that such was the number seized; and it does not show that the particular number levied on was an issue in the case.

Appellant's own affidavit, constituting the foundation of his claim to the property, asserted that the number was "550 head of horses, consisting of horses proper, mares and colts, and 75 head of mules." It is true that the amended issues subsequently filed by him alleged that there were only 500 levied upon by said sheriff, and that he had mistakenly alleged in his bond and oath previously the number to be 550. But he nowhere testified to what number were seized under the writ of execution. He speaks of having inspected the horses in a corral upon their arrival from Mexico. He was then talking with Wadlington of purchasing a half interest in them. This was in the fall of 1886 (September). He "counted them," but does not state how many there were. They discussed the subject a "dozen or more times," and subsequently the appellant purchased the 500 head. Such was his testimony.

The custom house invoice shows that Wadlington imported about 560 horses, including 75 mules. Wadlington testified that he imported about 600 head of horses, including 75 mules, and that the stock levied on were the only stock owned by him in this country. The return of the officer dated November 10, 1886, shows the levy to have been made upon "550 head of horses, consisting of horses proper, mares and colts, and 75 head of mules." Such is the proof upon this point.

The charge of court is not complained of otherwise than as before indicated. The jury were appropriately instructed as to the issues involved, and were told also that if they found for plaintiffs (appellees) to "find the value of the property at the time of the levy."

The charge was sufficient. If the facts had authorized any further instruction upon this point it should have been requested. Appellant, as the record shows, requested several special charges, but none with reference to the matter complained of.

The evidence does not show that the valuation placed on the stock levied on was excessive; nor is the verdict complained of in this respect.

We have been unable to see anything in the charge in support of the assignment that the court assumed the number of horses levied on to be 550. The court might have correctly so assumed, we think, under the proof.

We think the judgment should be affirmed.

*Affirmed.*

Adopted May 27, 1890.