### W. J. FLANNERY ET AL. V. TOM WOOD.

Decided April 18, 1903.

**1.—Exemplary Damages—Relation to Actual Damages.**

There can be no recovery for exemplary damages except where actual damages are sustained, and the exemplary damages must bear a reasonable proportion to the actual damages.

**2.—Same—Damages Held Excessive.**

Where, in an action of damages for an assault on plaintiff's wife and for the value of certain household goods taken, there was a recovery for $2344 exemplary damages, and for the actual damages $56, which the evidence showed to be the value of the property taken, the exemplary damages were excessive, and a remittitur reducing the amount thereof to $500 is required.

Appeal from the District Court of Bosque. Tried below before Hon. W. Poindexter.

*J. P. Word* and *Dewey Langford,* for appellants.

*N. J. Wade,* for appellee.

SPEER, ASSOCIATE JUSTICE.—Tom Wood sued the appellants in the District Court of Bosque County to recover $10,500 actual and

$10,500 exemplary damages, for an assault and battery inflicted upon him and his wife, and for the value of certain household goods carried away by appellants, and from a judgment in his favor for $56 actual and $2344 exemplary damages this appeal is prosecuted.

The evidence is ample to sustain the verdict for actual damages in the amount recovered; but we are of opinion the assignment complaining of the excessiveness of the verdict for exemplary damages should be sustained. The authorities in this State all agree that there can be no recovery for exemplary damages except where actual damages are sustained. Flanagan v. Womack, 54 Texas, 45; Trawick v. Martin-Brown Co., 79 Texas, 460, 14 S. W. Rep., 564; Jones v. Matthews, 75 Texas, 1, 12 S. W. Rep., 823; Girard v. Moore, 86 Texas, 675, 26 S. W. Rep., 945. And it is further held that the exemplary damages should bear a reasonable proportion to the actual damages sustained. Willis v. McNeill, 57 Texas, 480; International & G. N. Ry. Co. v. Telegraph Co., 69 Texas, 282, 5 S. W. Rep., 517; Tynberg v. Cohen, 76 Texas, 416, 13 S. W. Rep., 315. What would be a reasonable or proper ratio in all cases, can not, of course, be declared. It will depend upon the circumstances of each individual case, and necessarily much is left to the discretion of the jury. If it be conceded, which it must be, that the rule forbidding exemplary damages except in those cases where actual damages are shown, is a sound one, it follows then that the amount or extent of such actual damages should in a measure determine the amount to be awarded as exemplary damages. With us exemplary or punitive damages are considered in the nature of a punishment or smart money. Smith v. Sherwood, 2 Texas, 463; Graham v. Roder, 5 Texas, 149; Gordon v. Jones, 27 Texas, 622; Hayes v. Railway Co., 46 Texas, 280; Flanagan v. Perry, 54 Texas, 50. And while they should be large enough to command respect for the law and to deter others from similar infractions, they should not be excessive or oppressive.

In this case the extent of the injuries inflicted upon the appellee amounted, according to the finding of the jury, of which no complaint is made, to $56, a sum but little more than nominal. Under the pleadings and the charge the jury was authorized to consider as a part of this actual damage the physical and mental pain suffered by appellee, as well as the value of the household property taken. In view of the fact that the testimony for appellee showed the value of the furniture to be just $56, we are inclined to interpret the verdict of the jury for that amount as a finding against the appellee upon the other elements of actual damage. But whether this be true or not, the verdict for actual damage being so small, it amounts practically to the same thing. This being true, we think the verdict for $2344 exemplary damages is excessive. It is out of all proportion to the actual damages sustained. We are not to be understood as holding that the amount of the actual damages to the exclusion of every other consideration, is of controlling importance in estimating the exemplary damages, but that after considering the evil motive which must be present in every case to authorize a recovery for

vindictive damages, the jury will also take into consideration the extent of the real injuries inflicted in assessing such exemplary damages, and maintain a reasonable proportion between the two, having due regard to the circumstances which authorize the recovery of exemplary damages in the first place. We do not think the circumstances surrounding this case, interpreted in the light of the verdict for actual damage, are such as to call for the interposition of so harsh a penalty as has been inflicted upon appellants. In view of the rule in this State, taking as we do the verdict as the measure of actual damage, we would not be willing to affirm the judgment for more than $500 exemplary damages.

We overrule all other assignments, but for the error of the court in refusing to set aside the verdict and to grant appellant a new trial the judgment is reversed and the cause remanded for a new trial, unless appellee shall within twenty days from this date file in this court a remittitur of all exemplary damages recovered in excess of $500, upon the filing of which remittitur, however, the judgment will be reformed and affirmed.

*Affirmed*

Writ of error refused.