## C. Yecker v. San Antonio Traction Company et al.

### Decided October 14, 1903.

**1.—Diligence—Statement of Facts.**

See the opinion for diligence in support of a tardy statement of facts held sufficient to excuse laches of appellant. Motion to strike out statement of facts overruled.

**2.—Negligence—Evidence.**

The evidence failing to even suggest negligence on the part of the city of San Antonio that had any proximate connection with the injury, the trial court did not err in directing a verdict for that defendant.

**3.—Same—Jury Law.**

Complaint of an objectionable juror will not be heard when it appears that peremptory challenge was available to the party.

**4.—Same—Assignments of Error.**

Assignments of error too vague and indefinite to point out errors complained of are entitled to no consideration on appeal.

**5.—Charge of Court—Contributory Negligence.**

Objection that the court erred in submitting the question of contributory negligence as not warranted by the evidence is not well taken where the pleading and the proof made contributory negligence the vital issue in the case.

**6.—Same—Practice—Burden of Proof.**

Objecting to the charge as failing to instruct on the burden of proof on the issue of contributory negligence, the plaintiff should have requested a special charge supplying the omission.

Error from the District Court of Bexar. Tried below before Hon. L. J. Camp.

*J. B. Henyan,* for plaintiff in error.

*Houston Bros., R. J. Boyle,* and *Webb & Goeth,* for defendant in error.

FLY, Associate Justice.—Plaintiff in error instituted suit against the city of San Antonio and against the San Antonio Traction Company to recover damages resulting to his wife while she was alighting from a street car. The court instructed a verdict for the city and the jury returned a verdict in favor of the traction company, upon which the judgment was rendered from which this writ of error is prosecuted.

The cause was tried on March 7, 1902, and on March 31st the motion for a new trial was overruled, and ten days after the adjournment of the court was granted in which to file a statement of facts. The court adjourned on April 5, 1902. The statement of facts was filed on June 24, 1902, and defendant has made a motion to strike the same from the record because it was not filed in time.

It appears from the record that a stenographer was employed to take down the testimony at the trial, and counsel for plaintiff applied to him immediately after the motion for new trial was overruled for his report

of the evidence, and it was promised. The promise was at another time repeated, but on April 7th or 8th the stenographer refused to furnish the report unless he was paid for it or the amount was secured. This, on account of the poverty of the plaintiff, could not be done. Counsel for plaintiff then prepared a statement of facts without the aid of the stenographic report, and on April 14th presented a copy of the same to the attorneys for the traction company and presented the original on same day to the trial judge. The city attorney was informed that the copy of the statement of facts was in the hands of the attorneys for the traction company. The latter began the preparation of a statement of facts on April 12th, after receiving a copy of a portion of the statement prepared by plaintiff's attorney. On the morning of the tenth day after adjournment of the court, the statement of facts presented to the trial judge was examined by the attorneys for defendants, and failing to agree to it, they presented a statement of facts prepared by them to the judge. The court then had on the morning of April 15th the statements of facts of all the parties, but for some reason not given failed to approve either of the statements. He indicated that he could not himself prepare a statement of facts because he had not charged his memory with the facts. It does not appear that he could not have obtained the report from the stenographer, but on the other hand it is shown that he afterwards compelled the stenographer to make the report. It is not shown that the official duties of the trial judge were such on April 15th as to preclude him from preparing a statement of facts. The statute requires that when the parties to an action fail to agree upon a statement of facts they may submit their respective statements to the judge, who shall, from his own knowledge, with the aid of the statements make out, sign and file with the clerk a correct statement of the facts. While the judge might undoubtedly have refreshed his memory by the stenographic notes, a party to an action can not be deprived of a statement of facts by a failure to obtain the notes. Even under the provisions of the act providing for the appointment of stenographers, passed by the Legislature at its last regular session (Gen. Laws 1903, p. 84), it is not contemplated that the procuring of a statement of facts shall be wholly dependent on the stenographer's notes.

If it appeared from the record that the district judge was prevented from preparing and signing a statement of facts by other duties of his office, or by the lack of time, plaintiff could be in no position to complain of his failure to prepare the same, but the record does not show that state of facts, but the only reason hinted at for the failure to prepare the statement is the failure of the plaintiff to procure and present the stenographer's report of the testimony introduced upon the trial.

We conclude that the plaintiff has satisfactorily shown that he used due diligence to obtain the approval and signature of the judge to the statement of facts, and that the failure to have it so signed and approved

by the judge and filed in time is not due to his fault or laches, and we will therefore overrule the motion to strike the statement of facts from the record.

None of the evidence tended to show any negligence upon the part of the city of San Antonio that had any proximate connection with the injury to Mrs. Yecker, and the court did not err in instructing a verdict for that defendant.

The evidence justifies the conclusion that Mrs. Yecker was injured by her own negligence in rapidly getting off the car, and not through the negligence of the traction company. We also find that at the time she got off the conductor was hurrying to her to assist her in alighting, but was prevented from so doing by the precipitate and hurried manner in which she left the car. At the place where the car stopped passengers could by the exercise of care safely get on or off the cars without assistance. Mrs. Yecker was hurt about 10 o'clock in the morning, and was fully apprised of the condition of the street where she got off.

Through the first and second assignments of error complaint is made of the action of the court in overruling a challenge of plaintiff of a juror on account of his partial deafness. Plaintiff did not peremptorily challenge the objectionable juror and did not exhaust his peremptory challenges. If he did not want him on the jury he should have peremptorily challenged him. Galveston, H. & S. A. Railway Co. v. Wessendorf, 39 S. W. Rep., 132; Houston & T. C. Railway Co. v. Terrell, 69 Texas, 650.

The third, fourth, fifth, sixth and seventh assignments of error complain of the action of the court in instructing a verdict for the city of San Antonio. Had there been testimony that the city had been guilty of negligence in excavating the street, such excavation was not shown to be the direct and proximate cause of the injury, and it could not be held liable. There was an efficient intervening cause between the excavation and the injury that would preclude a recovery against the city. The negligence consisted in stopping the car where it was stopped, and in not assisting Mrs. Yecker to alight. Seale v. Railway, 65 Texas, 274; Texas & P. Railway v. Bigham, 90 Texas, 223.

The ninth assignment is as follows: "The court erred in the first paragraph wherein he charges as follows: 'That said defendant company failed to use that high degree of care that a prudent person would have used under similar circumstances,' for the reasons," etc. Had the court so charged, it would have been a matter of which plaintiff could not complain, because it would have taken the question of negligence from the jury. The court did not so charge, however, the quotation being a disconnected one taken from an instruction wherein the court was informing the jury as to the circumstances under which a verdict might be returned for the plaintiff.

There is neither such statement nor proposition under the assignment as to require consideration of it. It is true that immediately following that part of the assignment above copied is written the word "Proposi-

tion," which is followed by the remaining part of the assignment, and which contains the reasons given for the charge being erroneous, but this is not a compliance with the rules. For a statement the court is referred to the statements under the fourth and seventh assignments of error, which are not pertinent to the charge of which complaint is made.

The assignment of error has been considered by the court, however, and it is concluded that under the facts of the case it did not mislead the jury. Plaintiff asked a charge to the effect that it is as much the duty of the defendant traction company to exercise a high degree of care to safely land as it is to safely carry its passengers.

In the ninth, tenth and a half and eleventh assignments of error detached portions of charges of the court that are unintelligible, standing alone, are copied, and they are not followed by statements that might throw any light on them. The complaint seems to be that the question of contributory negligence did not arise in the case and should not have been submitted to the jury. The matter was raised by both pleadings and evidence, and was a vital issue in the case. The question as to contributory negligence was properly submitted by the court.

While it may have been proper for the court to have charged that the burden of establishing contributory negligence rested on the traction company, a failure to do so was an omission which should have been supplied by a special charge requested by plaintiff.

The eighteenth assignment of error complains of the failure of the court to give five separate special instructions on different subjects. The assignment is too general to be considered. Blake v. Insurance Co., 67 Texas, 160; Hughes v. Railway, 67 Texas, 595; Blackwell v. Hunnicutt, 69 Texas, 277; Mitchell v. Mitchell, 84 Texas, 303.

The remaining assignments of error are disposed of by the conclusions of fact.

The judgment is affirmed

*Affirmed.*

Writ of error refused.