LAM & ROGERS et al. v. ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS.

(Court of Civil Appeals of Texas. Austin. Dec. 23, 1911.)

1. NEGLIGENCE (§ 122*)—CONTRIBUTORY NEGLIGENCE—BURDEN OF PROOF.

The burden of proving contributory negligence in issue in a case is ordinarily on defendant.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 226–234; Dec. Dig. § 122.*]

2. APPEAL AND ERROR (§ 216*)—PRESERVATION OF GROUND OF REVIEW—INSTRUCTIONS—REQUESTS—NECESSITY.

Where a party believes that a charge is not sufficiently full as by failure to charge on the burden of proving contributory negligence, a special instruction must be requested to cure the supposed omission, in the absence of which the omission is not ground for reversal.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 216;* Trial, Cent. Dig. §§ 627–641, 660–676.]

3. RAILROADS (§ 454*)—FIRES — OBLIGATION IMPOSED.

The law does not impose on a railroad company the absolute duty of equipping its engines with the best and most approved spark arresters, but it must exercise ordinary care to equip its engine with the best spark arresters in general use.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1668–1671; Dec. Dig. § 454.*]

4. TRIAL (§ 252*)—INSTRUCTIONS—ISSUES.

Where, in an action against a railroad company for the destruction of property by fire set by sparks from an engine, the company showed that its engines were equipped with spark arresters, and that similar spark arresters were in use on other roads, and plaintiff showed that sparks had been emitted from other engines of the company, some as large as the rubber of

a lead pencil and others as large as the end of a finger, the issue of the sufficiency of the equipment of the engine claimed to have set the fire was raised, authorizing a charge that the company was required to exercise ordinary care to equip its engines with the best spark arresters in general use.

[Ed. Note.—For other cases, see Trial, Dec. Dig. § 252.*]

5. APPEAL AND ERROR (§ 1033*)—REVIEW— HARMLESS ERROR—INSTRUCTIONS.

Where, in an action against a railroad company for the destruction of property by fire, set by sparks from an engine, the issue of the sufficiency of the equipment of the engine was not raised, a charge that the company was only required to exercise ordinary care to equip its engines with the best spark arresters in general use was in favor of plaintiff, and he could not complain thereof.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4056; Dec. Dig. § 1033.*]

6. TRIAL (§ 251*)—INSTRUCTIONS—PLEADING.

Where the petition in an action against a railroad company for the destruction of property by fire, set by sparks from an engine, merely alleged a failure to properly equip the engine with the best and most approved spark arresters in general use, and a failure to properly operate the engine, the court properly refused to charge that it was the duty of the company to exercise ordinary care to keep the spark arresters on its engines in good repair.

[Ed. Note.—For other cases, see Trial, Dec. Dig. § 251.*]

7. APPEAL AND ERROR (§§ 724, 742*) — AS-SIGNMENTS OF ERROR—QUESTIONS REVIEW-ABLE.

An assignment of error not briefed in accordance with court rules 30 and 31 (67 S. W. xvi), in that it is too general, and is not followed by a proposition, and has no statement subjoined, will not be considered on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2997–3027; Dec. Dig. §§ 724, 742.*]

Appeal from District Court, Coryell County; J. H. Arnold, Judge.

Action by Lam & Rogers and another against the St. Louis Southwestern Railway Company of Texas. From a judgment for defendant, plaintiffs appeal. Affirmed.

J. R. McClellan, for appellants. E. B. Perkins, D. Upthegrove, and Scott, Sanford & Ross, for appellee.

RICE, J. Appellants Lam & Rogers owned a seedhouse adjacent to appellee's side track in the town of Oglesby, which, with its contents, was destroyed by fire on the 16th of September, 1910, and this action was brought by them and the Scottish Union & National Insurance Company to recover damages therefor, alleging that the fire was set thereto by sparks and cinders escaping from appellee's engine on account of the negligent failure of appellee to equip said engine with the best and most approved spark arresters in use, and negligence in operating the same. It was further alleged that the building and contents were at the time of the fire covered by insurance in said Scottish Union & National Insurance Company, and that said loss had been adjusted and paid by it to Lam & Rogers, who had transferred and assigned their claim against appellee to said insurance company, under a clause in their policy authorizing them so to do, and that said company by reason thereof had become subrogated to their rights.

Appellee, in addition to a general demurrer and general denial, specially denied that it was guilty of any of the acts of negligence complained of against it, claiming that its engines were equipped with the most approved spark arresters in general use, and that the same were carefully, skillfully, and properly operated, and that, if any of said property was destroyed by fire, the same was not owing to any carelessness or negligence on its part; and further pleaded that the fire complained of originated inside of plaintiffs' seedhouse, and from some cause to this defendant unknown, and with which it was in no wise connected, and that plaintiffs were guilty of contributory negligence, in this: that they knew the house in which said property was located was adjacent to one of defendant's switch or spur tracks, and that defendant's trains in passing over said tracks, and when skillfully operated with the most approved spark arresters in general use, would emit sparks of fire, and if the sparks entered the house of plaintiffs through any window or windows, which is not admitted but expressly denied, and thereby caused damage to plaintiffs, that the plaintiffs were guilty of contributory negligence in leaving said window or windows open, with full knowledge of all the facts and circumstances, and therefore they were not entitled to recover; and further pleaded that plaintiffs were guilty of contributory negligence in failing to exercise ordinary care to save their property from burning.

There was a jury trial, resulting in a verdict and judgment in behalf of appellee, from which plaintiffs have prosecuted this appeal.

The first two assignments complain of the charge of the court, the first on the ground that it did not sufficiently define negligence, and the second that the charge on the subject of proximate cause was not as full as the law required. We have carefully examined these sections of the charge, in connection with the whole charge given, and believe that the same conform to the law on the subject, and are not open to the objections urged against them, for which reasons these assignments are overruled.

The third assignment assails the charge of the court on the ground that the same failed to instruct the jury that the burden of proof was upon the defendant to show that the plaintiffs were guilty of contributory negligence.

[1] When contributory negligence is an issue in the case, the burden of proving the

same is ordinarily upon the defendant; but it does not follow from this that an omission on the part of the court to so charge the jury would be error.

[2] When a party conceives that the charge is not sufficiently full, a special instruction should be requested to cure the supposed omission. See Robinson v. Varnell, 16 Tex. 387; Currie v. Gunter, 77 Tex. 490, 14 S. W. 127. If the error complained of is one of omission and not of commission, a special charge must be requested. Cockrill v. Cox, 65 Tex. 676; Weaver v. Nugent, 72 Tex. 278, 10 S. W. 458, 13 Am. St. Rep. 792. Omission in a charge complained of will not be cause of reversal, unless a special charge covering the point was requested and refused. T. & P. Ry. Co. v. O'Donnell, 58 Tex. 27. In Yecker v. San Antonio Traction Company, 33 Tex. Civ. App. 239, 76 S. W. 780, it was held that the failure of the court to charge that the burden of proof on the issue of contributory negligence was on the defendant was a mere omission, which ought to have been supplied by a requested charge covering that phase of the case; and, in the absence of such requested charge, appellant was not entitled to complain. We therefore hold that appellants, not having requested a special charge covering the omission, have not been injured, and have no right to complain of the failure of the court to charge as contended for in this respect.

[3-5] It is urged by the fifth assignment that, as there was no evidence raising the issue of negligence as to the original equipment of the engine, it was error for the court to have instructed the jury that defendant was only required to exercise ordinary care to equip its engines with the best and most approved spark arresters in general use, but that it should have charged that it was its duty so to do. We do not agree with appellants in this contention, for the reason, first, that the law never imposes such an absolute duty on railway companies; and, second, because we believe the issue was in fact raised. It was shown on the part of appellee that other similar spark arresters were in use on other roads, and that the meshes and apparatus exhibited as a standard which was the kind in use on the engine in question, were too small to admit sparks the size of a pencil. Plaintiffs, however, in rebuttal, introduced a number of witnesses who testified to having seen sparks emitted from other engines of defendant (they all being equipped with precisely the same pattern of spark arresters), some as big as the rubber of a lead pencil, and others as big as the end of their finger. This evidence, while circumstantial, in fact, raised the issue as to the sufficiency of the equipment of the engine; hence the court in our judgment properly submitted the issue. If the issue was not raised, as claimed by ap-

pellants, then the charge was in their favor and against the interest of appellee, and therefore they had no right to complain. See St. Louis S. W. Ry. Co. v. Sharp, 131 S. W. 614, and authorities there cited.

[6] The court failed to charge that it was the duty of appellee to exercise ordinary care to keep the spark arresters upon its engines in good repair. This failure on its part is made the basis of the sixth and seventh assignments of error. The only acts of negligence relied upon for a recovery, as shown by the pleadings, were a failure on the part of appellee to properly equip its engines with the best and most approved spark arresters in general use, and a failure on its part to properly operate its engines. While it is unquestionably true that it is the duty of a railway company, not only to exercise ordinary care to select the best and most approved spark arresters in general use, but it is also their duty to exercise ordinary care to keep the same in good repair, still, since there was no allegation in plaintiffs' pleadings charging negligence on this score, it would have been improper for the court to have given any charge thereon. The charge of the court almost literally followed the language of the petition in presenting the features of negligence relied upon, which was all that appellants were entitled to have submitted, for which reason these assignments are each overruled. See Trout & Newberry v. G., C. & S. F. Ry. Co., 111 S. W. 220; H. & T. C. Ry. Co. v. Shapard, 54 Tex. Civ. App. 596, 118 S. W. 596; Freeman v. Puckett, 120 S. W. 514; San Antonio Traction Co. v. Yost, 39 Tex. Civ. App. 551, 88 S. W. 428; T. & P. Ry. Co. v. Knox, 75 S. W. 543.

The eighth and ninth assignments, complaining of omissions in the charge of the court, will be overruled for the reason that, even if said portions of the charge were subject to the objections urged against them, which we do not concede, still, since no special charge was requested undertaking to cure the supposed error, the failure of the court in these respects to charge as contended for by appellants is not error, for which reason said assignments are overruled.

[7] The tenth assignment is not briefed in accordance with the rules, in that it is too general, is followed up by no proposition, and has no statement subjoined, as required by rules 30 and 31 (67 S. W. xvi). See I. & G. N. R. R. Co. v. Schubert, 130 S. W. 709; W. U. Tel. Co. v. Young, 133 S. W. 512.

The remaining assignments are on the facts. Believing that the evidence is in all respects sufficient to sustain the judgment, and no reversible error being shown, the judgment of the court below is in all things affirmed.

Affirmed.