[Civ. No. 3971. First Appellate District, Division Two.—November 28, 1921.]

NATHAN PLOTNIK et al., Respondents, v. R. C. ROSEN-BERG, Appellant.

[1] EXEMPLARY DAMAGES — AMOUNT — REASONABLE PROPORTION TO ACTUAL DAMAGES.—While it is true that there is no fixed rule as to the proportion between actual and exemplary damages in cases where exemplary damages are recoverable, the exemplary damages should bear a reasonable proportion to the actual damages sustained and the discretion of the jury is not unlimited in the matter, but the power of the court to set aside a verdict for exemplary damages is the same power and is exercised upon the same principle as in any case of excessive verdict.

[2] ID.—TRESPASS OF LANDLORD—EXCESSIVE VERDICT.—A verdict for two thousand dollars as actual and exemplary damages in an action by a tenant against a landlord for trespass is excessive, where the actual damages amount to only fifteen dollars and sixty cents, and three hundred dollars and costs is a sufficient amount.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Thomas F. Graham, Judge. Modified.

The facts are stated in the opinion of the court.

Goodfellow, Eells, Moore & Orrick for Appellant.

Albert Jacoby for Respondents.

LANGDON, P. J.—This is an action in trespass. Plaintiffs were tenants of the defendant and occupied a certain flat or apartment on Natoma Street, in San Francisco. The husband, an invalid, was away part of the time and the wife and three minor children occupied the flat. During the tenancy, while the rent was seldom paid on the due date, no month passed without payment of the rent in full. For some reason, defendant decided to force the plaintiffs to move,—whether it was because of higher rents then obtainable or because he considered the plaintiff Rose Plotnik a trouble-maker, is wholly immaterial.

Defendant had served notice on plaintiffs that on October 17, 1919, the rent would be advanced to more than double the amount of the previous rent, but at no time was a notice terminating the tenancy served upon the plaintiffs. It is admitted that on the evening of October 2, 1919, defendant, without any legal justification, in the temporary absence of the plaintiffs, entered plaintiffs' home with his pass-key and removed therefrom six doors, including the front and rear door. It was only when the police intervened, at the request of the neighbors of plaintiffs, that defendant restored two of the doors, but never restored the interior doors during the remaining period of plaintiffs' tenancy. The keys of the two doors which were replaced by the defendant were taken by him and their return was refused.

The jury awarded actual and exemplary damages in the sum of $2,000, which amount was reduced to $1,500 by the trial court and judgment given therefor.

The contention is made upon appeal that the damages are excessive. Judgment was prayed "for the sum of fifteen dollars, the amount of the damage actually suffered by reason of the removal of the said tenant and boarder as aforesaid, and for the further sum of sixty cents, expended for said keys, as aforesaid, and for the further sum of $5,000 as exemplary damages," and for costs. Assuming that the full amount of actual damages alleged were allowed by the jury, the verdict represents an award of $1,484.40

punitive damages,—about one hundred times the amount
of the actual damage alleged. It is true that the common-
law rule with relation to the assessment of punitive dam-
ages allowed to the jury an exceedingly broad discretion
(*Hanna* v. *Sweeney,* 78 Conn. 492 [4 L. R. A. (N. S.) 907,
62 Atl. 785]) ; but even under that rule the courts granted
new trials in cases where the amount of punitive damages
awarded was such as at first blush to suggest passion and
prejudice of the jury. (*Hanna* v. *Sweeney, supra; Flan-
nery* v. *Wood,* 32 Tex. Civ. App. 250 [73 S. W. 1072];
*Saunders* v. *Mullen,* 66 Iowa, 728 [24 N. W. 529]; *Inter-
national etc. Co.* v. *Telephone Co.,* 69 Tex. 277 [5 Am. St.
Rep. 45, 5 S. W. 517].) **[1]** It is true that there is no
fixed rule as to the proportion between actual and exem-
plary damages in cases where exemplary damages are re-
coverable. (*St. Louis Southwestern Ry. Co.* v. *Thompson*
(Tex. Civ. App.), 108 S. W., at p. 457; *Tynberg* v. *Cohen,*
76 Tex. 409 [13 S. W. 315, at pp. 316, 317].) But it has
been held that the exemplary damages should bear a rea-
sonable proportion to the actual damages sustained (*Flannery*
v. *Wood, supra*), and that the discretion of the jury is not
unlimited in this matter. The decisions of the various states
present conflicting theories upon which exemplary damages
are allowable. In California it is not a question of theory,
but of express statutory provision. (Civ. Code, sec. 3294.)
The power of the court to set aside a verdict for exemplary
damages is the same power and is exercised upon the same
principle as in any case of excessive verdict. (1 Sedgwick
on Damages, 9th ed., p. 756.) The cases in which courts
have set aside such verdicts furnish some guide to the exer-
cise of this power in the present case. A study of these
cases reveals the fact that even in cases presenting evidence
of extreme malice and aggravation, the verdicts permitted to
stand do not represent an award of punitive damages so
greatly in excess of the actual damages as in the present
case. (See 4 Sedgwick on Damages, 9th ed., p. 2699.)

In this state we have a case presenting facts strikingly
similar to the facts of the case at bar. (*Waters* v. *Dumas,*
75 Cal. 563 [17 Pac. 685].) In that case, the plaintiff
was occupying a house in San Francisco and the defendants
"wrongfully and maliciously took down, removed and car-
ried away the front door of said house; took out and car-

ried away the windows therefrom; stopped and stuffed the flues of the chimney so as to prevent the escape of smoke through the same." It also appeared that at the time of the occurrence, the weather was cold, wet, and stormy, and when the plaintiff tacked cloth on the windows to keep out the cold, the defendants tore down the same and threatened her and struck her with a board or piece of stick. The jury rendered a verdict of $301. It was contended that the damages should have been limited by the trial court in its instructions to the value of the use and occupation of the premises. The supreme court stated that punitive damages were properly allowed and further stated that the appeal was frivolous, and were it not for the fact that the court "deemed the verdict quite large enough," a penalty for frivolous appeal would have been added thereto.

[2] Guided by the above intimation of the supreme court in a case presenting facts strikingly similar to those in the instant case, we have concluded that the judgment in the instant case should be reversed and the cause remanded for a new trial unless the respondent shall, within twenty days from the date of the filing of this opinion, file in this court a *remittitur* of all damages in excess of $300, plus costs. If such *remittitur* be filed, the judgment then to be modified in accordance therewith and, as so modified, affirmed. It is so ordered.

Nourse, J., and Sturtevant, J., concurred.