## EXPRESS PUB. CO. v. HORMUTH.
### (No. 2123.)

Court of Civil Appeals of Texas. El Paso. April 12, 1928.

Rehearing Denied May 10, 1928.

**1. Damages ⬲87(1)—Punitory damages are awarded by way of punishment, and not as reimbursement, of legal damages to injured party.**

Exemplary or punitory damages are awarded by way of punishment of wrongdoer, and not as reimbursement of legal damages to injured party.

**2. Damages ⬲91(1)—Existence of fraud, malice, gross negligence, or oppression must be proved in order to recover exemplary damages.**

Before one party is entitled to recover exemplary damages from another, he must prove existence of fraud, malice, gross negligence, or oppression.

**3. Libel and slander ⬲120(2)—Plaintiff held not entitled to exemplary damages for libelous article, where there was no malice and attempt was made to minimize damage by publishing corrected article.**

In suit against publishing company for libel, where evidence disclosed that plaintiff was not personally known to either reporter or editor and there was no evidence tending to show actual malice on their part, evidence disclosing only that in some manner name of plaintiff was inserted through mistake, and defendant, upon failing to get statement from plaintiff for publication to mitigate bad effects arising from article, published correction attempting to minimize damage *held*, that exemplary damages were not justified.

**4. Libel and slander ⬲120(2)—Exemplary damages may be allowed if libel resulted from gross negligence, since malice could be imputed.**

In suit for alleged libel, if actions of defendant's agents were such as to show gross negligence and utter disregard for rights of plaintiff, then malice could be imputed to their action and exemplary damages should be allowed.

**5. Libel and slander ⬲1½—Defendant sued for libel held entitled to instruction, under amendment of statute which became effective prior to trial, although subsequent to publication of libel (Const. art. I, § 16; Rev. St. 1925, art. 5431, as amended by Acts 40th Leg. [1927] c. 80, § 1).**

In action for libel published December 8, 1926, original petition being filed on December 22 and verdict filed June 25, 1927, Rev. St. 1925, art. 5431, as amended by the Acts 40th Leg. (1927) c. 80, § 1, becoming effective June 16, 1927, *held* applicable, since amendment merely changed rules of evidence, and, case having been tried after amendment became effective, court should have instructed jury in accordance therewith, it not violating Const. art. 1, § 16.

**6. Constitutional law ⬲106, 109—Litigants have no vested right in remedy or in rules of evidence under constitutional provision as to retroactive laws (Const. art. I, § 16).**

Litigants have no vested right in remedy or in rules of evidence by reason of Const. art. 1, § 16, prohibiting retroactive laws.

**7. Libel and slander ⬲114, 123 (9)—Trial ⬲194(20)—Where article was libelous per se, plaintiff was entitled to nominal damages, but further damages was for jury and instruction relative thereto would have been improper.**

In action for libel, where article complained of was libelous per se and no contention was made that it was true on part of defendant, instruction to find at least nominal damages for plaintiff, was proper, but question of further damages was one for jury, and court should not directly or indirectly by its instructions invade province of jury in that regard.

Appeal from District Court, Bexar County.; W. S. Anderson, Judge.

Action by Henry Hormuth against the Express Publishing Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Denman, Franklin & Denman and Cunningham, Moursund & Johnson, all of San Antonio, for appellant.

John P. Pfeiffer, of San Antonio, for appellee.

PELPHREY, C. J. Appellee sued appellant for $20,000 actual and $10,000 punitory damages for the publication of an alleged libel. Appellant answered by general demurrer, special exceptions, general denial, and specially pleaded that, if the article alleged in appellee's petition was ever published, it was published in good faith and with no purpose or desire to injure appellee. Appellant further pleaded a correction of the article by it. Trial before a jury resulted in a verdict for appellee for $1,000 actual and $2,000 punitory damages. From a judgment on that verdict appeal was taken to this court.

---

⬲For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Opinion.

Appellant asks for a reversal of the case upon the following grounds: (1) That there was no evidence in the record authorizing the recovery of punitory damages; (2) that the court erred in charging the jury that the facts and circumstances surrounding the alleged libelous publication and the published retraction could be considered by them only in mitigation of punitory damages; (3) that the charges of the court in connection with special issues Nos. 1 and 2 were on the weight of the evidence and argumentative; (4) that the court erred in overruling appellant's objections to the whole charge as well as to the special issues, for the reason that said charge and special issues did not limit the damages recoverable to injuries to appellee's reputation; (5) that the actual and punitory damages allowed by the jury were both excessive; and (6) that the court erred in admitting the testimony of appellee as to remarks made to him by third persons after the publication of the alleged libelous article, and the statements of third persons as to their belief in the truth of the alleged libelous article and as to the impression made upon their minds by the article.

[1] Exemplary or punitory damages are awarded by way of punishment of the wrongdoer, and not as a reinbursement of the legal damages to the injured party. 17 O. J. 968; Wortham-Carter Pub. Co. v. Littlepage (Tex. Civ. App.) 223 S. W. 1043; Southern Cotton Press, etc., Co. v. Bradley, 52 Tex. 587; Cole v. Tucker, 6 Tex. 266; Holland v. Closs (Tex. Civ. App.) 146 S. W. 671; Flannery v. Wood, 32 Tex. Civ. App. 250, 73 S. W. 1072.

[2] Before one party is entitled to recover exemplary damages from another, he must prove the existence of fraud, malice, gross negligence, or oppression. 17 C. J. 974; Craddock v. Goodwin, 54 Tex. 578; Rodgers v. Ferguson, 36 Tex. 544; Champion v. Vincent, 20 Tex. 812; Wortham-Carter Pub. Co. v. Littlepage, supra.

Does the evidence show the existence of any of these elements in the present case? We think not. There is no contention on the part of appellee that there was any fraud or oppression on the part of appellant or its agents.

[3, 4] The evidence discloses that appellee was not personally known to either the reporter or the editor, and there is no evidence tending to show the existence of any actual malice on their part. The evidence discloses only that, in some manner, the name of appellee was inserted in the alleged libelous article through mistake, and refutes the idea of any actual malice.

If, however, the action of appellant's agents were such as to show gross negligence and an utter disregard for the rights of appellee, then malice could be imputed to their action and exemplary damages should be allowed.

We find, however, that the article complained of was stricken out as soon as the mistake was discovered, and that a representative of appellant was sent to appellee to solicit some statement from him to mitigate the bad effects arising from the publication of the article before the mistake was discovered.

We also find that appellant, upon failing to get a statement from appellee for publication, published a correction thereby at least attempting to minimize the damage.

As we view the record, we can see no circumstances which would justify the imposition of damages in the way of punishment.

That there was negligence on the part of some one in allowing the article to get into the paper, there is no question; but we do not think it is of such a character as to warrant the awarding of exemplary damages.

The case of Wortham-Carter Pub. Co. v. Littlepage, supra, is very similar to the one at bar, and the court of Civil Appeals at Dallas supports the above holding. That a better understanding may be had of the questions raised as to the charge of the court, we will quote that portion of the charge complained of:

"In connection with special issue No. 1, you are instructed that the article complained of by plaintiff in his original petition is libelous in itself, and that the same is false and untrue, and that the plaintiff is entitled to recover at least nominal damages and such actual damages as the evidence may show to be the proximate result from the publication. You are further instructed that general damages are those damages which the law presumes must actually, proximately and necessarily result from the publication of the libelous words.

"General damages arise by inference of law and are not required to be proved by evidence and are allowable whenever the immediate tendency of the libelous words is to impair plaintiff's reputation, although no actual pecuniary loss has in fact resulted.

"Special issue No. 1: What amount of actual damages would reasonably compensate the plaintiff for the injuries that he suffered, by reason of the publication of the libelous publication complained of in his original petition?"

In connection with special issue No. 3, the court instructed the jury as follows:

"In connection with special issue No. 3, you are instructed that, in determining your answer thereto, you will, in mitigation of such damages, consider such evidence before you of the facts and circumstances surrounding the publication of said libelous article, any retraction, apology, or correction, and the intention with which the libelous publication was made."

Appellant objected to the whole charge, contending that the jury should have been instructed that it might consider the facts and circumstances surrounding the publication, the retraction, apology, and correction in connection with the question of actual damages, and that the court erred in limiting the

jury to their consideration of these matters on the question of exemplary or punitive damages alone.

[5] It appears from the record that the publication occurred on the 8th day of December, 1926, the original petition was filed on December 22, 1926, and the verdict of the jury was filed in court on June 25, 1927. Article 5431, Revised Statutes 1925, the law in force at the time of the publication of the article complained of, reads as follows:

"In any action for libel, the defendant may give in evidence, if specially pleaded, in mitigation of exemplary or punitive damages, the circumstances and intentions under which the libelous publication was made, and any public apology, correction or retraction made and published by him of the libel complained of. The truth of the statement or statements in such publication shall be a defense to such action."

The Fortieth Legislature (Acts 40th Leg. [1927] c. 80, § 1) amended this article to read:

"In any action for libel, in determining the extent and source of actual damage and in mitigation of exemplary or punitive damage, the defendant may give in evidence if specially pleaded, all material facts and circumstances surrounding such claim of damage and the defense thereto, and also all facts and circumstances under which the libelous publication was made and any public apology, correction or retraction made and published by him of the libel complained of, and may also give in evidence, if specially pleaded, in mitigation of exemplary or punitive damage, the intention with which the libelous publication was made. The truth of the statement, or statements, in such publication shall be a defense to such action."

The amendment took effect June 16, 1927.

The question presented is whether the original or the amended statute governs in the trial of this case.

[6] Appellee's contention is that to have applied the amended statute to the case would have substantially and materially incumbered and lessened the value of his remedy, in that by permitting a retraction and apology to be considered in mitigation of actual damages, the amount thereof would be lessened, and giving the statute, as amended, that effect would be in violation of article 1, § 16, of the Constitution. Litigants have no vested right in a remedy, Phil. H. Pierce Co. v. Watkins, 114 Tex. 153; 263 S. W. 905, nor have they any vested right in the rules of evidence, 12 C. J. 982, § 579; Supreme Ruling of F. M. C. v. Hoskins (Tex. Civ. App.) 171 S. W. 812; Haney v. Gartin, 51 Tex. Civ. App. 577, 113 S. W. 166.

Our Supreme Court held in De Cordova v. City of Galveston, 4 Tex. 470, that this section of the Constitution applied to such laws as destroyed or impaired vested rights to do certain actions or possess certain things according to the law of the land.

In the case of McCutcheon & Church v. Smith (Tex. Civ. App.) 194 S. W. 831, judgment modified 111 Tex. 554, 242 S. W. 454, the court held that the Legislature might change, modify, abolish, and establish remedies for existing rights, where the remedy was not entirely taken away or unreasonably incumbered.

The amendment under consideration merely makes evidence of the material circumstances surrounding the claim of damage and the defense thereto, the facts and circumstances under which the libelous publication was made, and any public apology, correction, or retraction admissible in determining the source or extent of the actual damage.

This amendment it seems to us merely changes the rules of evidence in libel suits, and, the case having been tried after the amendment became effective, the court should have instructed the jury in accordance therewith as requested by appellant.

[7] Appellant also contends that the instruction given by the court was on the weight of the evidence in that it directed the jury to find actual damages.

The article complained of was libelous per se, and, there being no contention that it was true on the part of appellant, the court properly instructed the jury to find for plaintiff at least nominal damage; but the question of further damage is one for the jury and the court should not directly or indirectly, by its instructions, invade the province of the jury in that regard.

The further assignments present no error and are overruled.

For the reasons referred to, the judgment is reversed and the cause remanded.

Reversed and remanded.