## Isaac Wheatley *vs.* William Thorn.

In a civil action, brought to recover damages for an assault and battery, the defendant cannot be permitted to prove, in mitigation of damages, that he had been indicted and convicted for the same offence, and paid a fine and costs.

An indictment is intended as a vindication of public justice; an action is brought for compensation for a private injury.    The object of the two proceedings is entirely distinct, and the one should not interfere with the course of the other.

In error from the circuit court of Tippah county; Hon. Hugh R. Miller, judge.

This was an action of trespass, brought by Thorn against

Wheatley *v.* Thorn.

Wheatley in Tippah circuit court, to recover damage for an assault and battery committed by Wheatley upon Thorn. Wheatley, the defendant, offered to prove upon the trial of the cause, that he had been indicted and fined by the court for the same cause of offence, and had paid the fine imposed. This was offered to the jury in mitigation of damages by the defendant, which the court refused to let go to the jury, to which decision of the court the defendant prayed a writ of error. The jury found a verdict for plaintiff for the amount of fifty dollars.

*Price & Jackson*, for appellant.

*T. J. Word*, for appellee.

Mr. Justice CLAYTON delivered the opinion of the court.

This was an action in the circuit court of Tippah county, for an assault and battery. On the trial, the defendant offered to prove, in mitigation of damages, that he had been indicted and convicted, and had paid a fine and costs, for the same act, but the court, upon objection made by the plaintiff, excluded the testimony from the jury.

An indictment is intended to satisfy the public justice of the country; an action is brought to compensate the individual for the injury he has sustained. The suffering of the punishment awarded by the law, as a vindication of society, does not impair or affect the right of the party injured, to compensation for the wrong inflicted upon him. The object of the two proceedings is entirely distinct, and the one should not interfere with the course of the other.

We see no error in the judgment of the court, and the same is affirmed.