## J. TULLIS v. THE STATE.

1. ARSON—PRINCIPAL AND ACCESSORY.—See facts held insufficient to sustain a conviction of arson as principal, but proving only that defendant was an accessory.

2. MERE KNOWLEDGE OF CRIME NO PROOF OF GUILT.—Mere knowledge that an offense is about to be committed will not render a party guilty as principal, there being no proof of any act on the part of the accused in aid of the offense, or of his being present advising or agreeing to its commission.

3. The mere absence of the charge of the court in a transcript in appeal in a felony case will not be cause of reversal. The court will presume that the clerk by mistake omitted the charge.

APPEAL from Milam. Tried below before the Hon. A. S. Broaddus.

Tullis was tried and convicted of arson. The opinion of the court carefully recites the facts, except that the

letter alluded to in the opinion is not given.   It is as fol-
lows:

"AUSTIN, *June 18th,* 1874.

" MR. GEO. F. GAGE.

"SIR: I have been thinking of that matter we were
talking of.   Now, Mr. Gage, it is impossible for me to
stay here four or six weeks idle, and no money.   Now
you have everything your own way, and there is no
question but you can get your money, if I will get out of
the way, and if you will give me a reasonable sum I will
leave the country and go North where my folks are, and
will pledge you my word I shall never come back or ever
say a word one way or the other.   I know you are safe on
this matter after I leave, for no one else knows it.   I don't
want you to think for a minute that I am trying to scare
you, for I am not, but I have that feeling about me that I
have been wronged and trifled out of my hard earnings by
that dirty dog, and I want to get even with him.   There is
nothing resting on my shoulders, and if I have to report
him I shall make expenses out of it, for I know more than
you could ever know.   Now, Mr. Gage, do what is right,
and I will leave on first train.   The reason I write to
you is because I can write better than I can talk.   Hoping
to get a reply soon, I remain your friend,

"J. E. TULLIS."

The testimony consisted entirely of evidence of the de-
clarations of the defendant as a witness on the trial of his
co-defendant Matson before a magistrate, sitting as an ex-
amining court.

No counsel for appellant.

*George Clark, Attorney General,* for the State.

DEVINE, ASSOCIATE JUSTICE.—Appellant was convicted

of the crime of arson, and assigns as error "that the court erred in overruling defendant's motion for a new trial."

The evidence consists of the testimony of two persons who heard the accused testify in the mayor's court in Rockdale, on the examination of J. B. Matson on a charge of arson, and a letter written by defendant to the owner of the building burned. Matson was jointly indicted with defendant, but for some reason not appearing in the transcript of the case was not tried with defendant.

We cannot inquire into the admissibility of the evidence given on behalf of the State by the witnesses who were present when defendant testified in the examining court, no objection being made to the introduction of this evidence, instead of the record of the cause in the mayor's court.

The accused was indicted with Matson as a principal in the offense charged, and the evidence as set out in the statement of facts fails to sustain the charge. The fact that he and Matson had previously agreed to go into business in keeping a restaurant; that Matson told him he intended to burn the house, and he, Matson, would then have means to enable them to have the finest saloon in Texas; that he was with Matson a short time before the house was fired, and that Matson prevailed on him to take away, for defendant's own benefit, a saddle, two blankets, and some small articles, Matson telling him he might as well take them, as, if not taken, they would be burned; and that he went home and gave no information of Matson's intention to burn the building. Either or all of these facts fail to show that defendant is guilty as a principal. The letter written by defendant to the owner of the building shows only a guilty knowledge, and asserts his innocence and freedom from the crime. His conduct after the alarm of fire had been given, and after visiting the fire, and on returning to his lodgings finding Matson in his bed; his advice to Matson to get up and go to the fire, and warning

him, with a view to relieve him from the danger of being suspected or arrested as the incendiary, in connection with all the evidence in the case, might render him liable as an accessory under art. 225, Criminal Code; but as a principal, under all the evidence he is not to be held liable.

The judgment in this case recites that the jury received the charge of the court. The Code of Criminal Procedure, art. 594, (Pas. Dig., art. 3059,) declares that: "After the argument of any criminal cause has been overruled, the judge shall deliver to the jury a written charge, in which he shall distinctly set forth the law applicable to the case; but he shall not express any opinion as to the weight of the evidence, nor shall he sum up the testimony. This charge shall be given in all cases of felony, whether asked or not." There is, however, no charge of the judge in the transcript. We cannot believe the presiding judge omitted to give the charge required by law, and conclude the clerk omitted to copy it. We are, however, left in ignorance as regards the effect of the charge on the mind of the jury.

The judge should have allowed the motion for a new trial. The judgment is reversed and the cause remanded.

Reversed and remanded.