J. W. FLANAGAN V. J. W. WOMACK & GREEN P. PERRY.

(Case No. 813.)

1. DAMAGES — EVIDENCE.— In an action for damages for a trespass *vi et armis*, brought in the district court, evidence of the payment of a fine imposed in the county court for the same trespass in a criminal prosecution, is admissible as evidence in mitigation of damages.[1]

---

[1] See opinion for reasons why Judge BONNER would not, as an original proposition, concur in this view of the law.

3. EXEMPLARY DAMAGES — EVIDENCE.— Exemplary damages being allowed in certain cases as a punishment, and not strictly as a compensation for the wrong done, all the facts and circumstances which would enable the jury to act advisedly in inflicting the appropriate punishment, are proper for the consideration of the jury.

4. EXEMPLARY DAMAGES.— No recovery can be had for exemplary damages in the absence of evidence of actual or compensatory damages.

5. TRESPASS — DAMAGES.— For every trespass the injured party is entitled to at least nominal damages. This nominal damage would be the measure of the actual damage, if no other were shown.

6. FACT CASES.— See case for facts improperly excluded on the trial, but of such a character as not to authorize a reversal of the judgment.

7. EVIDENCE — PRACTICE.— The court may in its discretion refuse to entertain an objection to a question propounded to a witness unless the ground of objection be stated; but should a general objection be entertained, and correctly sustained, it would be no ground for reversal, no substantial error having been committed.

8. PRACTICE — ASSIGNMENT OF ERRORS.— An assignment of errors, which alleges error "in overruling plaintiff's motion for a new trial for the eleven reasons therein contained," is too general to require the court to pass upon it.

APPEAL from Gregg. Tried below before the Hon. John C. Robertson.

The opinion states the case.

*H. McKay* and *T. M. Campbell*, for appellant.

*Taylor & Morrison* and *McCord & Duncan*, for appellees.

BONNER, ASSOCIATE JUSTICE.— This is a civil action for damages, actual and exemplary, brought by appellant Flanagan against appellees Womack and Perry, for an alleged assault and battery committed by them upon him. In the opinion of the presiding judge, there not being sufficient testimony against Perry, the jury were instructed to return a verdict for him. There was a verdict and judgment of one dollar actual damages against defendant Womack.

Among other defenses, Womack pleaded that on indictment for the same offense he had been convicted and a fine of $100, besides costs of suit, adjudged against him in the county court, and which he had paid. A demurrer to this plea was overruled, testimony was admitted to sustain it, and the jury instructed that they might consider it in mitigation but not in bar of the claim for exemplary damages.

This action of the court is assigned as error and presents the most important question in the case.

The doctrine upon which the learned judge below doubtless acted in overruling the demurrer and admitting the testimony, has been the subject of great diversity of opinion and discussion among judges and jurists. If it were now an open question in this court, the individual opinion of the writer would be, that it was not well founded in principle, and that there was error in the judgment of the court.

It is perhaps due myself that I very briefly give the reasons for this belief.

The doctrine of exemplary damages doubtless originated from those cases in which a sense of justice to the injured party demanded that more compensation should be given him than could be allowed by any defined strict legal rule for the measure of damages. Frequently the mere physical injury sustained, and which ordinarily is the test of actual damages, would of itself be comparatively insufficient, but the outrage upon the feelings — the ordinary test of what is now usually called exemplary, vindictive or punitory damages — would be of such gross character or under such indignant circumstances as should require ample reparation from the offender, but which could not be referred to any fixed primary standard. Hence this character of damage was, in a great degree, necessarily left to the discretion of the jury trying the particular case. Indulgence was extended by the courts

to such verdicts, as they tended to prevent breaches of the peace, and to encourage, by a resort to the law of the land, the settlement of difficulties which otherwise might have ended in personal conflicts. To this extent the public also was interested.

This indirect result to the public good, led some courts into the error of assuming as one of the grounds why such damages should be allowed at the suit of a private party, that it was intended as a public punishment to the offender, thus making that an active cause which originally was but a passive result, and in this way converting private recompense into public punishment.

I do not doubt the propriety of allowing full compensation to the injured party for both that damage which can be reduced to a reasonably fixed money standard, usually called actual damages, and also for that damage which should be recovered, but which cannot, in the nature of things, be determined by any such standard, but which must be left to the sound discretion of the juries and courts of the country, and which are properly included under what is now called exemplary damages. Such damages have received the approval of the courts of last resort of at least twenty-nine states of the Union, including this state, and of the supreme court of the United States. Field on Damages, note 2, p. 23.

The difficulty has arisen in adding an improper ground for such damages — punishment instead of recompense; thus opening too wide the door for unreasonable verdicts by juries in civil suits, there not being with us in such cases, as under the Criminal Code, any limitation upon the amount of the verdict which may be found.

Punishment for offenses should be inflicted only by public prosecution in due course of the law of the land, under those safeguards which are "rooted and grounded in the maxims of the common law, and guaranteed by the constitution of our political government."

If such damages are allowed as recompense only, and not as punishment, then we avoid the illegality and hardship of inflicting a double punishment for the same offense.

The criminal prosecution is a suit between the government and the defendant, to which the plaintiff in the civil action is not a party, and in which he has no voice. If, in the opinion of the jury trying the civil action, the conviction and fine in the criminal prosecution was a sufficient punishment, then the plaintiff, so far as regards his exemplary damage as a recompense, has been deprived of his just rights without ever having had his day in court.

The only consistent theory upon which the judgment in the criminal prosecution can be admitted in mitigation of damages in the civil action is, that, by a fiction of the law, the plaintiff in the latter represents the public, and that to this extent the two suits are considered as between the same parties, and that the fine in the one should decrease the amount of the judgment in the other — a fiction which, as above shown, may work a great hardship on the plaintiff.

This testimony is admitted solely for the benefit of the defendant, not the public, and it is not perceived on principle, if such evidence can be admitted in mitigation, why it should not also be admitted in bar; or why it would not logically follow, that if the defendant had been acquitted instead of having been convicted, he could not plead this former acquittal in bar; or, as the rights of the parties should be mutual, why, if the civil suit had been first tried and judgment rendered against the defendant, this should not be a mitigation or bar to the criminal prosecution. That such should be the rule in mitigation, if not in bar, in those tribunals where the injured party, as private prosecutor, receives part of the fine, would seem proper; but to permit it in this state, where the fine is paid to the

government and not to the prosecutor, would in many cases virtually supersede the criminal law.

Thus considered, the testimony of the former conviction and fine would not have been admissible. Hadley *v.* Watson, 45 Vt., 289 (1873); S. C., 12 Am. R., 97; Reed *v.* Kelly, 4 Bibb (Ky.), 400; Wheatley *v.* Thorn, 23 Miss., 62; Phillip *v.* Kelly, 29 Ala., 628; Cook *v.* Ellis, 6 Hill (N. Y.), 466; Field on Damages, secs. 73–8; sec. 91, and authorities cited in notes; Fay *v.* Parker, 53 N. H., 342.

Whatever may be my individual opinion, however, I feel constrained, from a long and uniform course of decisions on this subject in this state, and for this reason only, to concur with the other members of the court in the opinion that the court below did not err in overruling the demurrer and admitting the evidence.

It is said in Hays *v.* R. R. Co., "that exemplary damages are in the nature of punishment, has long been the recognized doctrine in this state." 46 Tex., 280; Smith *v.* Sherwood, 2 Tex., 460; Graham *v.* Roder, 5 Tex., 141; Cole *v.* Tucker, 6 Tex., 266; Cook *v.* Garza, 9 Tex., 358; Kolb *v.* Bankhead, 18 Tex., 228; Champion *v.* Vincent, 20 Tex., 811; Gordon *v.* Jones, 27 Tex., 620.

If exemplary damages are allowed as punishment and not strictly as compensation, then all the facts and circumstances of the case which would enable the jury to act advisedly in inflicting the appropriate punishment, would be proper for their consideration. In this view the assigned error was not well taken. Field on Damages, §§ 89–91; §§ 121–3, and authorities cited.

This disposes also of some of the other assigned errors to the charge of the court.

So much of the charge by which the jury were instructed that exemplary damages could not be recovered without proof of actual or compensatory damages, is assigned as error. The proposition contained in the charge is believed to be correct.

It is a general rule, that for every unlawful trespass the injured party is entitled to at least nominal damages. Certainly this should be so if the trespass was of such character as to authorize exemplary damages. This nominal damage would be the measure of the actual damage if no other is shown, and must necessarily arise in every case in which exemplary damages could be given.

Besides, in this case the jury returned a verdict for one dollar actual damages, and even had the charge as an abstract proposition been incorrect, it could not have prejudiced the plaintiff.

That portion of the charge also is objected to, in which the jury were instructed to return a verdict for Perry.

The testimony not only failed to connect Perry with the assault, but affirmatively shows that he assisted in ending it. Had he been prosecuted by indictment, under repeated decisions of this court he could not legally have been found guilty. Burrell v. The State, 18 Tex., 713; Tullis v. The State, 41 Tex., 598; Ring v. The State, 42 Tex., 282.

Witness Phillips having testified that plaintiff Flanagan, at the time of the assault, was a man of family, it was proposed further to prove by him the character of persons composing the family.

The court sustained the objection that this testimony was immaterial, but permitted evidence to show the number of persons composing the family. It was also proven that plaintiff had a wife and daughter.

We think that the testimony should have been admitted, if it would have tended materially to aid the jury in a proper estimate of damages.

The assault, however, did not take place in the presence of the family, and it does not appear, in view of all the other facts and circumstances in evidence, that the testimony was so material as would probably have caused a different verdict, so that we would be authorized to reverse the judgment because of its rejection.

The ruling of the court in sustaining a general objection to the testimony of another witness, was also assigned as error.

Webster Flanagan, a witness for appellant, having qualified himself to answer the same, appellant propounded to him the following question, viz.: "What was the value to Maj. Flanagan, the plaintiff, of the time which he was disabled by reason of the injury received during the time of such disabilities, taking into consideration the character of his business, of which you have already testified, and his capacity to manage the same?"

To which question appellees' counsel objected, stating no grounds of objection, which objection was by the court sustained. The same question was again propounded, omitting the individual to whom such loss of time occurred, to which the same general objection was made by appellees and sustained by the court.

The court may in its discretion refuse to entertain an objection to a question propounded to a witness unless the ground of objection be stated; but should a general objection be entertained and correctly sustained, it would be no ground for reversal, no substantial error having been committed. District Court Rule 57.

The question was objectionable, as it sought to elicit from the witness a conclusion as to the length of time plaintiff was disabled by reason of the injury, a question upon which there was a conflict of testimony.

It would seem, moreover, that the alleged error was immaterial, as this witness was permitted to testify fully as to the character and value of the services of the plaintiff.

This virtually disposes of the alleged errors assigned except the fourth, which is:

That the court erred in overruling plaintiff's motion for a new trial, for the eleven reasons therein contained.

In the case of Pearson v. Flanagan, 52 Tex., 266, we announced in favor of the plaintiff himself, in the present

suit, the rule that such an assignment was too general to require the court to pass upon it.

This was often decided before the adoption of the present rules, as early, at least, as Fisk v. Wilson, 15 Tex., 435, and has been repeatedly acted upon since the decision in Pearson v. Flanagan.

It by no means satisfactorily appears to us how the jury, the defendant being guilty, as he himself admitted on the trial in the criminal prosecution, could consistently, under the circumstances as developed by the testimony, have assessed the damages at a mere nominal sum only; but under none of the errors which have been properly assigned, and under the long-established practice of this court, is this question so presented as to bring it before us.

AFFIRMED.

Chief Justice MOORE dissenting.

[Opinion rendered November 16, 1880.]