# NO. 12-09-00441-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *LADONNA HOCKMAN, APPELLANT* | § | *APPEAL FROM THE 294TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *OSCAR ROGERS, APPELLEE* | § | *VAN ZANDT COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Ladonna Hockman appeals the trial court's summary judgment entered in favor of Oscar Rogers. In two issues, Hockman argues that the trial court erred in entering summary judgment for Rogers. We affirm in part and reverse and remand in part.

## BACKGROUND[1]

Both Hockman and Rogers worked in the Grand Saline, Texas office of Westward Communications. Beginning in summer 2001, Rogers instigated several inappropriate contacts with Hockman. For instance, Rogers brushed against Hockman's buttocks and breasts on several occasions. Even though Hockman initially was uncertain whether Rogers's actions were intentional, she voiced her displeasure in response. Subsequently, Rogers used a newspaper to slap Hockman on her buttocks. Hockman glared at Rogers in response. Finally, Rogers attempted to kiss Hockman and either grabbed or brushed against her breasts. Hockman again voiced her displeasure to Rogers concerning his actions.

---

[1] Because we are reviewing the trial court's determination that Rogers is entitled to judgment as a matter of law, we recite the facts in the light most favorable to Hockman. *See Yancy v. United Surgical Partners Int'l, Inc.*, 236 S.W.3d 778, 782 (Tex. 2007). We note that Rogers disputes Hockman's version of the facts.

On October 11, 2001, Hockman reported Rogers's conduct to her supervisor, alleging that Rogers's conduct constituted sexual harassment. In November 2001, Rogers stood in Hockman's way as she was leaving the women's restroom. However, Rogers stepped aside allowing Hockman to pass, and no physical contact occurred.

Believing that Westward was not responding properly to her allegations of sexual harassment, Hockman hired an attorney. On February 19, 2002, Hockman's attorney sent a letter notifying Westward that Hockman was making a sexual harassment claim. Thereafter, Hockman, Rogers, and several other employees and former employees of Westward were interviewed regarding Hockman's allegations.

In late February 2002, Hockman was transferred to Westward's Edgewood, Texas office. There, she discovered an office overrun with dead spiders, crickets, maggots, and rats. She further discovered that the desks and walls in the office had bodily fluids, feces, and urine on them. Hockman believed that Westward transferred her to the Edgewood office in retaliation for her filing the sexual harassment claim.

Hockman received medical treatment during the dispute with Westward. On November 27 and December 5, 2001, Hockman was treated by Dr. Sam Raborn. Beginning on February 28, 2002, she was treated by Dr. José Martinez. Martinez advised Hockman to resign from her position to relieve her stress. Hockman followed Martinez's advice and resigned her position at Westward on April 4, 2002. In her resignation letter, Hockman stated as follows:

> As of today, April 4, 2002, I resign as editor of the *Edgewood Enterprise* and as an employee of Westward Communications, effective immediately. This immediate resignation is necessary because my doctor advised me that if I don't resign, my health will continue to deteriorate, [due] to the stress of my workplace.
> This emergency resignation is necessary due to medical conditions. The medical conditions, my doctor advises me, are a direct result of my work environment—retaliation of Westward employees, particularly.
> My stress had significantly increased as I had to continue enduring Oscar Rogers'[s] sexual advances and innuendos, but the retaliation, i.e., daily accusations levied against me, has increased the stress to an unbearable level.
> I was hospitalized before, due to my work situation, and I do not want that to happen again.

Hockman filed suit in the United States District Court, Eastern District of Texas, against Westward and Rogers. The federal court found Westward was entitled to judgment as a matter of law. It further refused to exercise supplemental jurisdiction over Hockman's claims against Rogers for assault and battery and intentional infliction of emotional distress. Hockman filed the

2

instant suit against Rogers asserting the same claims. Rogers filed a no evidence motion for summary judgment pertaining to Hockman's claim of intentional infliction of emotional distress. The trial court granted Rogers's motion, finding that Hockman presented no evidence that the emotional distress she suffered was severe and no evidence that Rogers's conduct proximately caused her emotional distress. Subsequently, Rogers filed a no evidence motion for summary judgment concerning Hockman's remaining claim of assault and battery. The trial court granted Rogers's motion. This appeal followed.

## No Evidence Motion for Summary Judgment

In her first issue, Hockman argues that the trial court erred in granting Rogers's no evidence motion for summary judgment on her assault and battery cause of action. In her second issue, Hockman contends that the trial court erred in granting Rogers's no evidence motion for summary judgment on her intentional infliction of emotional distress cause of action.

### Standard of Review

After an adequate time for discovery, a party without the burden of proof at trial may move for summary judgment on the ground that the nonmoving party lacks supporting evidence for one or more essential elements of its claim. *See* TEX. R. CIV. P. 166a(i). Once a no evidence motion has been filed in accordance with rule 166a(i), the burden shifts to the nonmovant to bring forth evidence that raises a fact issue on the challenged evidence. *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). We review a no evidence motion for summary judgment under the same legal sufficiency standards as a directed verdict. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750-51 (Tex. 2003). A no evidence motion is properly granted if the nonmovant fails to bring forth more than a scintilla of probative evidence to raise a genuine issue of material fact as to an essential element of the nonmovant's claim on which the nonmovant would have the burden of proof at trial. *Id.* at 751. If the evidence supporting a finding rises to a level that would enable reasonable, fair minded persons to differ in their conclusions, then more than a scintilla of evidence exists. *Id.* Less than a scintilla of evidence exists when the evidence is so weak as to do no more than create a mere surmise or suspicion of a fact, and the legal effect is that there is no evidence. *Id.*

We review de novo the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion. *Sudan v.*

3

*Sudan*, 199 S.W.3d 291, 292 (Tex. 2006); ***KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.***, 988 S.W.2d 746, 748 (Tex. 1999).  All theories in support of or in opposition to a motion for summary judgment must be presented in writing to the trial court.  *See* TEX. R. CIV. P. 166a(c).  If the trial court's order does not specify the grounds on which it granted summary judgment, we affirm the trial court's ruling if any of the theories advanced in the motion is meritorious.  ***State Farm Fire & Cas. Co. v. S.S.***, 858 S.W.2d 374, 380 (Tex. 1993).  However, when the trial court's order specifies the grounds on which it granted summary judgment, the summary judgment can be affirmed only on the grounds specified in the trial court's order.  ***Id.***

## Assault and Battery

The common law actions of assault and battery are now addressed as assault.  *See* ***Baribeau v. Gustafson***, 107 S.W.3d 52, 60 (Tex. App.–San Antonio 2003, pet. denied); *see also* TEX. PENAL CODE ANN. § 22.01(a) (Vernon Supp. 2009).  The elements for a civil assault are the same as for a criminal assault.  ***Johnson v. Davis***, 178 S.W.2d 230, 240 (Tex. App.–Houston [14th Dist.] 2005, pet. denied).  A person commits assault if the person intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative.  TEX. PENAL CODE ANN. § 22.01(a)(3).  Under this prong of the statute, bodily injury is not required.  *Compare* TEX. PENAL CODE ANN. § 22.01(a)(3) *with* TEX. PENAL CODE ANN. § 22.01(a)(1); *see also* ***Moore v. Aqrawi***, No. 01-03-00917-CV, 2007 WL 2743494, at \*3 (Tex. App.–Houston [1st Dist.] Sept. 20, 2007, no pet.) (actual injury or damages not an element of assault by offensive contact).  Further, damages for mental suffering are recoverable without an actual physical injury.  *See* ***Wal-Mart Stores, Inc. v. Odem***, 929 S.W.2d 513, 528 (Tex. App.–San Antonio 1996, writ denied).  When an assault does not result in any damages, the assaulted party is entitled to nominal damages.  *See* ***Flanagan v. Womack***, 54 Tex. 45, 51 (1880).

In the case at hand, Rogers argued that he was entitled to judgment as a matter of law because Hockman failed to present evidence that she was damaged by Rogers's conduct.  However, injury or damages is not an essential element of Hockman's assault by offensive contact cause of action.  *See* ***Moore***, 2007 WL 2743494, at \*3.  Thus, the trial court could not properly grant summary judgment as to Hockman's assault claim against Rogers.  Hockman's first issue is sustained.

## Intentional Infliction of Emotional Distress

4

We next consider the trial court's grant of Rogers's no evidence summary judgment on Hockman's cause of action for intentional infliction of emotional distress. The elements for intentional infliction of emotional distress are (1) the defendant acted intentionally or recklessly, (2) the conduct was extreme and outrageous, (3) the defendant's actions caused the plaintiff emotional distress, and (4) the emotional distress was severe. ***Brewerton v. Dalrymple***, 997 S.W.2d 212, 215 (Tex. 1999). Intentional infliction of emotional distress is a "gap-filler" tort, not intended to supplant or duplicate existing remedies. *See **Creditwatch, Inc. v. Jackson***, 157 S.W.3d 814, 816 (Tex. 2005). "Where the gravamen of a plaintiff's complaint is really another tort, intentional infliction of emotional distress should not be available." ***Hoffman-La Roche Inc. v. Zeltwanger***, 144 S.W.3d 438, 447 (Tex. 2004).[2]

Here, the trial court found that there was no evidence that Rogers caused Hockman's emotional distress or that Hockman's emotional distress was severe. The components of proximate cause are (1) cause-in-fact and (2) foreseeability. *See **Western Invs. v. Urena***, 162 S.W.3d 547, 551 (Tex. 2005); ***HIS Cedars Treatment Ctr. v. Mason***, 143 S.W.3d 794, 798 (Tex. 2004). The test for cause-in-fact, or "but for" causation, is whether the negligent act or some omission was a substantial factor in bringing about injury and whether the injury would have occurred without the act or omission. ***Western Invs.***, 162 S.W.3d at 551; ***Mason***, 143 S.W.3d at 799. The evidence must be sufficient for the jury to determine within a reasonable probability that the plaintiff's injury would not have occurred but for the defendant's conduct. *See **Lenger v. Physician's Gen. Hosp., Inc.***, 455 S.W.2d 703, 706 (Tex. 1970). There is no cause-in-fact when the defendant's conduct did nothing more than furnish a condition that made the injury possible or when the defendant's conduct is too remotely connected with the plaintiff's injury. *See **Mason***, 143 S.W.3d at 799.

In her affidavit filed in response to Rogers's no evidence motion, Hockman asserted that "[a]s a result of the *discrimination* undertaken against me, I developed ulcers and three sleeping disorders for which it became necessary for me to take medication." (emphasis added). In his deposition testimony, Dr. Martinez stated that Hockman's abdominal pain and peptic ulcer "certainly could" be related to stress. Martinez also testified that he believed that Hockman's

---

[2] Because emotional distress damages can be awarded as part of assault damages, Hockman's claim of intentional infliction of emotional distress is not being used as a "gap-filler" tort. However, because the trial court's order specifies the grounds on which it was granted, we cannot consider this ground as a basis for affirming the trial court's judgment. *See **State Farm Fire & Cas. Co.***, 858 S.W.2d at 380.

5

main source of stress was work, and, therefore, he recommended that Hockman find another job. Martinez never specifically stated that Hockman's medical conditions were caused by Rogers's conduct.

The fatal flaw in Hockman's summary judgment evidence filed in response to Rogers's first no evidence motion is that the evidence relates to injury she suffered resulting from Westward's discrimination rather than emotional distress resulting from Rogers's conduct. Significantly, the summary judgment record indicates that Rogers attempted to kiss Hockman and made his sole attempt to grab her before October 11, 2001. Yet Hockman did not seek any medical treatment until late November 2001, which was after she concluded her immediate supervisor was ignoring her sexual harassment claims. Further, Hockman did not begin receiving treatment from Dr. Martinez until February 2002, which was after she concluded that Westward was retaliating against her because of her sexual harassment claim. Finally, in her letter of resignation, Hockman stated, "The medical conditions, my doctor advises me, are a direct result of my work environment—retaliation of Westward employees, particularly."

Based on our review of the summary judgment record, we conclude that evidence that Rogers's conduct led to discrimination by Westward that led to severe emotional distress for Hockman is too attenuated to satisfy the causation requirement t issue. Therefore, we hold that the trial court properly granted Rogers's no evidence motion for summary judgment on this ground. Hockman's second issue is overruled.

## DISPOSITION

Having sustained Hockman's first issue and overruled her second issue, we *reverse* the trial court's summary judgment on Hockman's cause of action for assault against Rogers and *remand* that cause to the trial court for further proceedings in accordance with this opinion. We *affirm* the remainder of the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered July 14, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

6