NO. 12-09-00441-CV

 

IN THE COURT OF APPEALS          

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

LADONNA HOCKMAN,                             §                      APPEAL
FROM THE 294TH

APPELLANT

 

V.                                                                    §                      JUDICIAL
DISTRICT COURT 

 

OSCAR ROGERS,

APPELLEE                                                   §                      VAN
ZANDT COUNTY, TEXAS







            MEMORANDUM
OPINION

            Ladonna Hockman appeals the trial court’s summary judgment entered in
favor of Oscar Rogers.  In two issues, Hockman argues that the trial court
erred in entering summary judgment for Rogers.  We affirm in part and reverse
and remand in part.

 

Background[1]

            Both Hockman and Rogers worked in the
Grand Saline, Texas office of Westward Communications.  Beginning in summer
2001, Rogers instigated several inappropriate contacts with Hockman.  For
instance, Rogers brushed against Hockman’s buttocks and breasts on several
occasions.  Even though Hockman initially was uncertain whether Rogers’s
actions were intentional, she voiced her displeasure in response.  Subsequently,
Rogers used a newspaper to slap Hockman on her buttocks.  Hockman glared at
Rogers in response.  Finally, Rogers attempted to kiss Hockman and either
grabbed or brushed against her breasts.  Hockman again voiced her displeasure
to Rogers concerning his actions.

            On October 11, 2001, Hockman reported
Rogers’s conduct to her supervisor, alleging that Rogers’s conduct constituted
sexual harassment.  In November 2001, Rogers stood in Hockman’s way as she was
leaving the women’s restroom.  However, Rogers stepped aside allowing Hockman
to pass, and no physical contact occurred.

Believing that Westward was not responding properly
to her allegations of sexual harassment, Hockman hired an attorney.  On
February 19, 2002, Hockman’s attorney sent a letter notifying Westward that
Hockman was making a sexual harassment claim.  Thereafter, Hockman, Rogers, and
several other employees and former employees of Westward were interviewed
regarding Hockman’s allegations.

            In late February 2002, Hockman was
transferred to Westward’s Edgewood, Texas office.  There, she discovered an
office overrun with dead spiders, crickets, maggots, and rats.  She further
discovered that the desks and walls in the office had bodily fluids, feces, and
urine on them.  Hockman believed that Westward transferred her to the Edgewood office
in retaliation for her filing the sexual harassment claim.

            Hockman received medical treatment
during the dispute with Westward.  On November 27 and December 5, 2001, Hockman
was treated by Dr. Sam Raborn.  Beginning on February 28, 2002, she was treated
by Dr. José Martinez.  Martinez advised Hockman to resign from her position to
relieve her stress.  Hockman followed Martinez’s advice and resigned her
position at Westward on April 4, 2002.  In her resignation letter, Hockman
stated as follows:

 

                As of today, April
4, 2002, I resign as editor of the Edgewood Enterprise and as an
employee of Westward Communications, effective immediately.  This immediate
resignation is necessary because my doctor advised me that if I don’t resign,
my health will continue to deteriorate, [due] to the stress of my workplace.

                This emergency
resignation is necessary due to medical conditions.  The medical conditions, my
doctor advises me, are a direct result of my work environment—retaliation of
Westward employees, particularly.

                My stress had
significantly increased as I had to continue enduring Oscar Rogers’[s] sexual
advances and innuendos, but the retaliation, i.e., daily accusations levied
against me, has increased the stress to an unbearable level.

                I was hospitalized
before, due to my work situation, and I do not want that to happen again.

 

 

            Hockman filed suit in the United States
District Court, Eastern District of Texas, against Westward and Rogers.  The federal
court found Westward was entitled to judgment as a matter of law.  It further
refused to exercise supplemental jurisdiction over Hockman’s claims against
Rogers for assault and battery and intentional infliction of emotional distress. 
Hockman filed the instant suit against Rogers asserting the same claims.  Rogers
filed a no evidence motion for summary judgment pertaining to Hockman’s claim
of intentional infliction of emotional distress.  The trial court granted
Rogers’s motion, finding that Hockman presented no evidence that the emotional
distress she suffered was severe and no evidence that Rogers’s conduct
proximately caused her emotional distress.  Subsequently, Rogers filed a no
evidence motion for summary judgment concerning Hockman’s remaining claim of
assault and battery.  The trial court granted Rogers’s motion.  This appeal
followed.

 

No Evidence Motion for Summary Judgment

In
her first issue, Hockman argues that the trial court erred in granting Rogers’s
no evidence motion for summary judgment on her assault and battery cause of
action.  In her second issue, Hockman contends that the trial court erred in granting
Rogers’s no evidence motion for summary judgment on her intentional infliction
of emotional distress cause of action. 

Standard of Review

After
an adequate time for discovery, a party without the burden of proof at trial
may move for summary judgment on the ground that the nonmoving party lacks
supporting evidence for one or more essential elements of its claim.  See
Tex. R. Civ. P. 166a(i).  Once a
no evidence motion has been filed in accordance with rule 166a(i), the burden
shifts to the nonmovant to bring forth evidence that raises a fact issue on the
challenged evidence.  See Ford Motor Co. v. Ridgway, 135 S.W.3d
598, 600 (Tex. 2004).  We review a no evidence motion for summary judgment
under the same legal sufficiency standards as a directed verdict.  King
Ranch, Inc. v. Chapman, 118 S.W.3d 742, 750-51 (Tex. 2003).  A no
evidence motion is properly granted if the nonmovant fails to bring forth more
than a scintilla of probative evidence to raise a genuine issue of material
fact as to an essential element of the nonmovant’s claim on which the nonmovant
would have the burden of proof at trial.  Id. at 751.  If the
evidence supporting a finding rises to a level that would enable reasonable,
fair minded persons to differ in their conclusions, then more than a scintilla
of evidence exists.  Id.  Less than a scintilla of evidence
exists when the evidence is so weak as to do no more than create a mere surmise
or suspicion of a fact, and the legal effect is that there is no evidence.  Id.

            We
review de novo the entire record in the light most favorable to the nonmovant,
indulging every reasonable inference and resolving any doubts against the
motion.  Sudan v. Sudan, 199 S.W.3d 291, 292 (Tex. 2006); KPMG Peat Marwick v. Harrison County Hous. Fin. Corp., 988 S.W.2d
746, 748 (Tex. 1999).  All theories in support of or in opposition to a motion
for summary judgment must be presented in writing to the trial court.  See
Tex. R. Civ. P. 166a(c).  If the
trial court’s order does not specify the grounds on which it granted summary
judgment, we affirm the trial court’s ruling if any of the theories advanced in
the motion is meritorious.  State Farm Fire & Cas. Co. v. S.S.,
858 S.W.2d 374, 380 (Tex. 1993).  However, when the trial court’s order specifies
the grounds on which it granted summary judgment, the summary judgment can be
affirmed only on the grounds specified in the trial court’s order.  Id.

Assault and Battery

            The
common law actions of assault and battery are now addressed as assault.  See
Baribeau v. Gustafson, 107 S.W.3d 52, 60 (Tex. App.–San Antonio
2003, pet. denied); see also Tex.
Penal Code Ann. § 22.01(a) (Vernon Supp. 2009).  The elements for a
civil assault are the same as for a criminal assault.  Johnson v. Davis,
178 S.W.2d 230, 240 (Tex. App.–Houston [14th Dist.] 2005, pet. denied).  A
person commits assault if the person intentionally or knowingly causes physical
contact with another when the person knows or should reasonably believe that
the other will regard the contact as offensive or provocative.  Tex. Penal Code Ann. § 22.01(a)(3). 
Under this prong of the statute, bodily injury is not required.  Compare
Tex. Penal Code Ann. § 22.01(a)(3)
with Tex. Penal Code Ann. §
22.01(a)(1); see also Moore v. Aqrawi, No. 01-03-00917-CV,
2007 WL 2743494, at *3 (Tex. App.–Houston [1st Dist.] Sept. 20, 2007, no pet.) (actual
injury or damages not an element of assault by offensive contact).  Further, damages
for mental suffering are recoverable without an actual physical injury.  See
Wal-Mart Stores, Inc. v. Odem, 929 S.W.2d 513, 528 (Tex. App.–San
Antonio 1996, writ denied).  When an assault does not result in any damages,
the assaulted party is entitled to nominal damages.  See Flanagan v.
Womack, 54 Tex. 45, 51 (1880).

            In
the case at hand, Rogers argued that he was entitled to judgment as a matter of
law because Hockman failed to present evidence that she was damaged by Rogers’s
conduct.  However, injury or damages is not an essential element of Hockman’s
assault by offensive contact cause of action.  See Moore, 2007 WL
2743494, at *3.  Thus, the trial court could not properly grant summary
judgment as to Hockman’s assault claim against Rogers.  Hockman’s first issue
is sustained. 

Intentional Infliction of Emotional Distress

We
next consider the trial court’s grant of Rogers’s no evidence summary judgment
on Hockman’s cause of action for intentional infliction of emotional distress. 
The elements for intentional infliction of emotional distress are (1) the
defendant acted intentionally or recklessly, (2) the conduct was extreme and
outrageous, (3) the defendant’s actions caused the plaintiff emotional
distress, and (4) the emotional distress was severe.  Brewerton v.
Dalrymple, 997 S.W.2d 212, 215 (Tex. 1999).  Intentional infliction of
emotional distress is a “gap-filler” tort, not intended to supplant or
duplicate existing remedies.  See Creditwatch, Inc. v. Jackson,
157 S.W.3d 814, 816 (Tex. 2005).  “Where the gravamen of a plaintiff’s
complaint is really another tort, intentional infliction of emotional distress
should not be available.”  Hoffman-La Roche Inc. v. Zeltwanger,
144 S.W.3d 438, 447 (Tex. 2004).[2]
 

Here,
the trial court found that there was no evidence that Rogers caused Hockman’s
emotional distress or that Hockman’s emotional distress was severe.  The
components of proximate cause are (1) cause-in-fact and (2) foreseeability.  See
Western Invs. v. Urena, 162 S.W.3d 547, 551 (Tex. 2005); HIS
Cedars Treatment Ctr. v. Mason, 143 S.W.3d 794, 798 (Tex. 2004).  The
test for cause-in-fact, or “but for” causation, is whether the negligent act or
some omission was a substantial factor in bringing about injury and whether the
injury would have occurred without the act or omission.  Western Invs.,
162 S.W.3d at 551; Mason, 143 S.W.3d at 799.  The evidence must
be sufficient for the jury to determine within a reasonable probability that
the plaintiff’s injury would not have occurred but for the defendant’s conduct. 
See Lenger v. Physician’s Gen. Hosp., Inc., 455 S.W.2d
703, 706 (Tex. 1970).  There is no cause-in-fact when the defendant’s conduct
did nothing more than furnish a condition that made the injury possible or when
the defendant’s conduct is too remotely connected with the plaintiff’s injury. 
See Mason, 143 S.W.3d at 799. 

In
her affidavit filed in response to Rogers’s no evidence motion, Hockman
asserted that “[a]s a result of the discrimination undertaken
against me, I developed ulcers and three sleeping disorders for which it became
necessary for me to take medication.”  (emphasis added).  In his deposition
testimony, Dr. Martinez stated that Hockman’s abdominal pain and peptic ulcer “certainly
could” be related to stress.  Martinez also testified that he believed that
Hockman’s main source of stress was work, and, therefore, he recommended that
Hockman find another job.  Martinez never specifically stated that Hockman’s
medical conditions were caused by Rogers’s conduct.

            The
fatal flaw in Hockman’s summary judgment evidence filed in response to Rogers’s
first no evidence motion is that the evidence relates to injury she suffered
resulting from Westward’s discrimination rather than emotional distress
resulting from Rogers’s conduct.  Significantly, the summary judgment record
indicates that Rogers attempted to kiss Hockman and made his sole attempt to
grab her before October 11, 2001.  Yet Hockman did not seek any medical
treatment until late November 2001, which was after she concluded her immediate
supervisor was ignoring her sexual harassment claims.  Further, Hockman did not
begin receiving treatment from Dr. Martinez until February 2002, which was
after she concluded that Westward was retaliating against her because of her
sexual harassment claim.  Finally, in her letter of resignation, Hockman
stated, “The medical conditions, my
doctor advises me, are a direct result of my work environment—retaliation of
Westward employees, particularly.”

            Based
on our review of the summary judgment record, we conclude that evidence that
Rogers’s conduct led to discrimination by Westward that led to severe emotional
distress for Hockman is too attenuated to satisfy the causation requirement t
issue.  Therefore, we hold that the trial court properly granted Rogers’s no
evidence motion for summary judgment on this ground.  Hockman’s second issue is
overruled. 

 

Disposition

Having
sustained Hockman’s first issue and overruled her second issue, we reverse
 the trial court’s summary judgment on Hockman’s cause of action for
assault against Rogers and remand that cause to the trial court
for further proceedings in accordance with this opinion.  We affirm the
remainder of the trial court’s judgment.

                                                                                    Brian Hoyle

                                                                                           
Justice

 

Opinion delivered July 14, 2010.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

(PUBLISH)









                [1]
Because we are reviewing the trial court’s determination that Rogers is
entitled to judgment as a matter of law, we recite the facts in the light most
favorable to Hockman.  See Yancy v. United Surgical Partners Int’l, Inc.,
236 S.W.3d 778, 782 (Tex. 2007).  We note that Rogers disputes
Hockman’s version of the facts.

 





                [2]
Because emotional distress damages can be awarded as part of assault
damages, Hockman’s claim of intentional infliction of emotional distress is not
being used as a “gap-filler” tort.  However, because the trial court’s order
specifies the grounds on which it was granted, we cannot consider this ground
as a basis for affirming the trial court’s judgment.  See State
Farm Fire & Cas. Co., 858 S.W.2d at 380.