Peters v









NO. 12-09-00442-CV

 

IN THE COURT OF APPEALS          

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

MOLLY HARVILL,                                      §                      APPEAL
FROM THE 294TH

APPELLANT

 

V.                                                                    §                      JUDICIAL
DISTRICT COURT 

 

OSCAR ROGERS,

APPELLEE                                                 
§                       VAN ZANDT COUNTY, TEXAS







MEMORANDUM
OPINION

            Molly Harvill appeals the trial court’s summary judgment entered in favor
of Oscar Rogers.  In two issues, Harvill argues that the trial court erred in
entering summary judgment in Rogers’s favor.  We affirm in part and reverse and
remand in part. 

 

Background[1]

            Both Harvill and Rogers worked in the
Grand Saline, Texas office of Westward Communications.  In July 2001, Harvill
told Rogers that she was glad he was back from vacation.  In response, Rogers
grabbed Harvill and kissed her.  Harvill immediately conveyed to Rogers that
his conduct was inappropriate.

Rogers also shot Harvill with rubber bands on
several occasions.  Initially, he aimed the rubber bands at Harvill’s body
generally.  But eventually, Rogers began to aim the rubber bands at Harvill’s
breasts.  Rogers also brushed against Harvill’s buttocks and breasts on several
occasions.  On another occasion, Rogers positioned himself behind Harvill and
pressed his body against her.  Although Harvill voiced her displeasure in
response to each of these instances of unwanted touchings, Rogers continued his
inappropriate conduct toward her.

            On October 11, 2001, Harvill reported
Rogers’s conduct to her supervisor and alleged that Rogers’s conduct constituted
sexual harassment.  Yet even after Harvill reported Rogers’s conduct to her
supervisor, Rogers continued to occasionally brush against Harvill’s buttocks
and breasts.

Believing that Westward was not responding properly
to her allegations of sexual harassment, Harvill hired an attorney.  On
February 19, 2002, Harvill’s attorney sent a letter notifying Westward that Harvill
was making a sexual harassment claim.  After her attorney sent this letter, Harvill,
Rogers, and several other employees and former employees of Westward were
interviewed regarding Harvill’s allegations.  Moreover, after Harvill’s
attorney sent this letter, Rogers’s inappropriate conduct toward Harvill
ceased.

Despite the cessation of Rogers’s inappropriate
conduct, Harvill still had stress at work.  She overheard her new supervisor
claim that he would receive a bonus if he “ran her off.”  Westward investigated
what Harvill termed a “retaliatory racial harassment charge” against her.  Furthermore,
an unknown individual took pictures of Harvill outside Westward’s offices, and
Harvill’s coworkers treated her in a hostile manner.

            Harvill received medical treatment
during her dispute with Westward.  On February 15, 2002, Harvill was treated by
Dr. Sam Raborn.  Harvill told Raborn that she was under a lot of stress related
to her work because of sexual harassment.[2]  Beginning on March 14, 2002, Harvill was treated by
Dr. José Martinez.  According to Martinez, stress from Harvill’s workplace was
contributing to her anxiety and hypertension.  Martinez further treated Harvill
on March 28, 2002.   Once again, Martinez’s nurse noted that she was under
increased stress from work.  On April 4, 2002, Martinez advised Harvill to
resign because of the stress from her work.  As a result, Harvill resigned from
Westward on April 9, 2002.  In her resignation letter, Harvill states as
follows:

 

                As you know, my
health has continually declined since being sexually harassed by Oscar Rogers
at work.  Also[,] as you are aware, my health has begun to deteriorate at an
accelerated rate since my reporting the harassment (not once, but twice).

The treatment by other employees
including my supervisor(s) has become unbearable, and is clearly retaliation
for my reporting the repeated violation of my civil rights.

While still being held accountable
for whatever is done in the office, some of my duties are freely dispersed
among other employees who also have access to my money drawer at will.

I have been ostracized by other
employees while they openly fraternize among themselves, whispering, laughing
and talking; and have been treated rudely in the presence of customers.  This
is humiliating and degrading.

The stress at work has been
compounded by the actions of my supervisor(s) and other employees since my
reporting the harassment.

Upon the advice of my physician, I
hereby resign as an employee of the Grand Saline Sun and Westward
Communications, for the sake of my health.  This resignation is effective
immediately.

 

 

            Harvill filed suit in the United States
District Court, Eastern District of Texas, against Westward and Rogers.  The federal
court found Westward was entitled to judgment as a matter of law.  It further
refused to exercise supplemental jurisdiction over Harvill’s claims against
Rogers for assault and battery and intentional infliction of emotional distress. 


Harvill filed the instant suit against Rogers asserting
the same claims.  Rogers filed a no evidence motion for summary judgment
pertaining to Harvill’s claim of intentional infliction of emotional distress. 
The trial court granted Rogers’s motion, finding that Harvill presented no
evidence that the emotional distress she suffered was severe and no evidence
that Rogers’s conduct proximately caused her emotional distress.  Subsequently,
Rogers filed a no evidence motion for summary judgment concerning Harvill’s
remaining claim of assault and battery.  The trial court granted Rogers’s
motion.  This appeal followed.        

 

Motion for Summary Judgment

In
her first issue, Harvill argues that the trial court erred in granting summary
judgment in Rogers’s favor on her assault and battery causes of action.  In her
second issue, Harvill contends that the trial court erred in granting Rogers’s
no evidence motion for summary judgment on her intentional infliction of emotional
distress cause of action.

Standard
of Review 

            The
movant for traditional summary judgment has the burden of showing that there is
no genuine issue of material fact and that it is entitled to judgment as a
matter of law.  Tex. R. Civ. P. 166a(c);
Nixon v. Mr. Property Mgmt. Co., 690 S.W.2d 546, 548 (Tex. 1985).  If a
defendant is the movant, it must either negate at least one essential element
of the nonmovant's cause of action or prove all essential elements of an
affirmative defense.  See Randall's Food Markets, Inc. v. Johnson,
891 S.W.2d 640, 644 (Tex. 1995).  Once the movant has established a right to
summary judgment, the nonmovant has the burden to respond to the motion for
summary judgment and present to the trial court any issues that would preclude
summary judgment.  See City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678–79 (Tex. 1979).   

Additionally,
after an adequate time for discovery, a party without the burden of proof at
trial may move for summary judgment on the ground that the nonmoving party
lacks supporting evidence for one or more essential elements of its claim.  See
Tex. R. Civ. P. 166a(i).  Once a
no evidence motion has been filed in accordance with rule 166a(i), the burden
shifts to the nonmovant to bring forth evidence that raises a fact issue on the
challenged evidence.  See Ford Motor Co. v. Ridgway, 135 S.W.3d
598, 600 (Tex. 2004).  We review a no evidence motion for summary judgment
under the same legal sufficiency standards as a directed verdict.  King
Ranch, Inc. v. Chapman, 118 S.W.3d 742, 750-51 (Tex. 2003).  A no
evidence motion is properly granted if the nonmovant fails to bring forth more
than a scintilla of probative evidence to raise a genuine issue of material
fact as to an essential element of the nonmovant’s claim on which the nonmovant
would have the burden of proof at trial.  Id. at 751.  If the
evidence supporting a finding rises to a level that would enable reasonable,
fair minded persons to differ in their conclusions, then more than a scintilla
of evidence exists.  Id.  Less than a scintilla of evidence
exists when the evidence is so weak as to do no more than create a mere surmise
or suspicion of a fact, and the legal effect is that there is no evidence.  Id.

We
review de novo the entire record in the light most favorable to the nonmovant,
indulging every reasonable inference and resolving any doubts against the
motion.  Sudan v. Sudan, 199 S.W.3d 291, 292 (Tex. 2006); KPMG Peat Marwick v. Harrison County Hous. Fin. Corp., 988 S.W.2d
746, 748 (Tex. 1999).  All theories in support of or in opposition to a motion
for summary judgment must be presented in writing to the trial court.  See
Tex. R. Civ. P. 166a(c).  If the
trial court’s order does not specify the grounds on which it granted summary judgment,
we affirm the trial court’s ruling if any of the theories advanced in the
motion is meritorious.  State Farm Fire & Cas. Co. v. S.S.,
858 S.W.2d 374, 380 (Tex. 1993).  However, when the trial court’s order
specifies the grounds on which it granted summary judgment, the summary
judgment can be affirmed only on the grounds specified in the trial court’s
order.  Id.

Assault and Battery

            The
common law actions of assault and battery are now addressed as assault.  See
Baribeau v. Gustafson, 107 S.W.3d 52, 60 (Tex. App.–San Antonio
2003, pet. denied); see also Tex.
Penal Code Ann. § 22.01(a) (Vernon Supp. 2009).  The elements for a
civil assault are the same as for a criminal assault.  Johnson v. Davis,
178 S.W.2d 230, 240 (Tex. App.–Houston [14th Dist.] 2005, pet. denied).  A
person commits assault if the person intentionally or knowingly causes physical
contact with another when the person knows or should reasonably believe that
the other will regard the contact as offensive or provocative.  Tex. Penal Code Ann. § 22.01(a)(3). 
Under this prong of the statute, bodily injury is not required.  Compare
Tex. Penal Code Ann. § 22.01(a)(3)
with Tex. Penal Code Ann. §
22.01(a)(1); see also Moore v. Aqrawi, No. 01-03-00917-CV,
2007 WL 2743494, at *3 (Tex. App.–Houston [1st Dist.] Sept. 20, 2007, no pet.)
(actual injury or damages not an element of assault by offensive contact). 
Further, damages for mental suffering are recoverable without an actual
physical injury.  See Wal-Mart Stores, Inc. v. Odem, 929
S.W.2d 513, 528 (Tex. App.–San Antonio 1996, writ denied).  When an assault
does not result in any damages, the assaulted party is entitled to nominal
damages.  See Flanagan v. Womack, 54 Tex. 45, 51 (1880).

            Here,
Rogers’s motion for summary judgment was based exclusively on his claim that
Harvill presented no evidence of damages caused by Rogers’s assaults.  However,
Rogers’s motion for summary judgment was not designated as a “no evidence”
motion and contained supporting exhibits. Moreover, on appeal, Rogers claims in
his brief that he did not file a no evidence motion for summary judgment.  As
such, we consider Rogers’s motion as a traditional motion for summary judgment.

            Rogers
argued that he was entitled to judgment as a matter of law because Harvill
failed to present evidence that she was damaged by his conduct.  However,
injury or damages is not an essential element of Harvill’s assault by offensive
contact cause of action.  See  Moore, 2007 WL 2743494, at
*3.  Thus, even if Rogers’s motion successfully demonstrated that Harvill was
not damaged by his conduct, he failed to negate at least one essential element
of Harvill’s cause of action.   Therefore, the trial court could not properly
grant summary judgment as to Harvill’s assault claim against Rogers.[3]  Harvill’s
first issue is sustained. 

Intentional Infliction of Emotional Distress

We
next consider the trial court’s grant of Rogers’s no evidence summary judgment
on Harvill’s cause of action for intentional infliction of emotional distress. 
The elements for intentional infliction of emotional distress are (1) the
defendant acted intentionally or recklessly, (2) the conduct was extreme and
outrageous, (3) the defendant’s actions caused the plaintiff emotional distress,
and (4) the emotional distress was severe.  Brewerton v. Dalrymple,
997 S.W.2d 212, 215 (Tex. 1999).  Intentional infliction of emotional distress
is a “gap-filler” tort, not intended to supplant or duplicate existing
remedies.  See Creditwatch, Inc. v. Jackson, 157 S.W.3d
814, 816 (Tex. 2005).  “Where the gravamen of a plaintiff’s complaint is really
another tort, intentional infliction of emotional distress should not be
available.”  Hoffman-La Roche Inc. v. Zeltwanger, 144 S.W.3d 438,
447 (Tex. 2004).[4]

Here, the
trial court found that there was no evidence that Rogers caused Harvill’s
emotional distress or that Harvill’s emotional distress was severe.  The
components of proximate cause are (1) cause-in-fact and (2) foreseeability.  See
Western Invs. v. Urena, 162 S.W.3d 547, 551 (Tex. 2005); HIS
Cedars Treatment Ctr. v. Mason, 143 S.W.3d 794, 798 (Tex. 2004).  The
test for cause-in-fact, or “but for” causation, is whether the negligent act or
some omission was a substantial factor in bringing about injury and whether the
injury would have occurred without the act or omission.  Western Invs.,
162 S.W.3d at 551; Mason, 143 S.W.3d at 799.  The evidence must
be sufficient for the jury to determine within a reasonable probability that
the plaintiff’s injury would not have occurred but for the defendant’s conduct. 
See Lenger v. Physician’s Gen. Hosp., Inc., 455 S.W.2d
703, 706 (Tex. 1970).  There is no cause-in-fact when the defendant’s conduct
did nothing more than furnish a condition that made the injury possible or when
the defendant’s conduct is too remotely connected with the plaintiff’s injury. 
See Mason, 143 S.W.3d at 799.  

 
Harvill acknowledges that Rogers’s inappropriate behavior toward her ceased after
her attorney sent Westward the February 19, 2002 letter setting forth her
sexual harassment claim.  In her affidavit filed in response to Rogers’s motion
for summary judgment, Harvill stated, “As a result of the discrimination
undertaken against me, I became physically ill.”  In his deposition testimony, Dr.
Martinez stated that he diagnosed
Harvill with anxiety disorder causing hypertension and found that this condition
commenced on March 14, 2002.   Martinez also stated that he believed
Harvill’s main source of stress was work, and he therefore recommended that Harvill
find another job.  Martinez did not testify that Rogers’s conduct caused any of
Harvill’s medical conditions.  

Harvill’s
proof focuses on the discrimination she suffered at Westward, not solely on
Rogers’s conduct.  Significantly, the record reflects that Rogers kissed Harvill
in July 2001.  However, the record further indicates that Harvill did not seek
any medical treatment related to her stress from work until February 2002, which
was after she concluded her immediate supervisor had ignored her claim of
sexual harassment.  Further, the summary judgment proof indicates that Harvill
did not begin receiving treatment from Dr. Martinez until March 14, 2002, which
was after she concluded that Westward was retaliating against her because of
her sexual harassment claim.  Moreover, in her letter of resignation, Harvill
claimed that her health had “declined since being sexually harassed by Oscar
Rogers.”  Yet she also stated, “The treatment
by other employees including my supervisor(s) has become unbearable ….”  Even viewing
Harvill’s statement that her health declined after being sexually harassed by
Rogers in the light most favorable to Harvill, her statement is not evidence
that the decline in her health was caused by Rogers’s conduct or that the
decline in her health amounted to severe emotional distress.

Based
on our review of the summary judgment record, we conclude that evidence that
Rogers’s conduct led to discrimination by Westward that led to Harvill’s severe
emotional distress is too attenuated to satisfy the causation requirement at
issue.  Therefore, we hold that the trial court properly granted Rogers’s no
evidence motion for summary judgment on this ground.  Harvill’s second issue is
overruled.  

 

Disposition

Having
sustained Harvill’s first issue and overruled her second issue, we reverse
 the trial court’s summary judgment on Harvill’s cause of action for
assault against Rogers and remand that cause to the trial court
for further proceedings in accordance with this opinion.  We affirm the
remainder of the trial court’s judgment.

                                                                                    Brian Hoyle

                                                                                           
Justice

 

 

Opinion delivered July 14, 2010.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

(PUBLISH)









                [1]
Because we are reviewing the trial court’s determination that Rogers is
entitled to judgment as a matter of law, we recite the facts in the light most
favorable to Harvill.  See Yancy v. United Surgical Partners Int’l, Inc.,
236 S.W.3d 778, 782 (Tex. 2007).  We note that Rogers disputes
Harvill’s version of the facts.

 





                        [2] Raburn also
treated Harvill on July 10, 2001, but there is no indication that the July 2001
treatment was related to stress from work.

 





                        [3] If we treated
Rogers’s motion as a no evidence motion for summary judgment, the result would
not change.

 





[4]
Because emotional distress damages can be awarded as part of assault damages, Harvill’s
claim of intentional infliction of emotional distress is not being used as a
“gap-filler” tort.  However, because the trial court’s order specifies the
grounds on which it was granted, we cannot consider this ground as a basis for
affirming the trial court’s judgment.  See State Farm Fire &
Cas. Co., 858 S.W.2d at 380.